**Vincent HUIZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–96–00837–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 30, 2000.

**250**

Richard E. Langlois, Law Offices Of Richard E. Langlois, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, Matthew W. Paul, State's Prosecuting Attorney, Betty Marshall, Assistant State Prosecuting Attorney, Austin, for Appellee.

Sitting en banc: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

**OPINION**

LÓPEZ, Justice.

Previously, we considered Vincent Huizar's appeal wherein he complained that his trial attorney was ineffective, in part, for failing to request a reasonable-doubt instruction during the punishment phase of trial. After examining the totality of the attorney's performance, we determined that the failure to ask for a reasonable-doubt instruction in the court's punishment charge did not amount to ineffective assistance of counsel in the absence of authority requiring such an instruction. *See Huizar v. State*, 966 S.W.2d 702, 706 (Tex. App.—San Antonio 1998), *rev'd*, 12 S.W.3d 479 (Tex.Crim.App.2000). Then, because the State relied on substantial evidence of extraneous conduct in seeking punishment, and because the prosecutor commented during the State's closing argument that the State had no burden of proof during the punishment trial, we examined the necessity of instructing the jury on the burden of proof for extraneous offenses in the punishment charge. *See Huizar v. State*, 966 S.W.2d at 707–08. Because article 37.07 of the Code of Criminal Procedure (the Code) permits the jury to consider evidence of extraneous conduct *only* when proven beyond a reasonable doubt, we determined that the jury must be instructed on the burden of proof whenever the State introduces evidence of extraneous bad acts during the punishment phase of trial. *See id.* at 708. Because Huizar's jury had not been instructed, we held that the trial judge erred. *Id.* at 709. We next conducted a harm analysis.

Reasoning that the reasonable-doubt instruction standard is both a state and federal constitutional right, we then applied Rule 44.2(a) of the rules of appellate procedure and determined that a substantial amount of extraneous offense evidence prevented us from concluding that the failure to instruct the jury did not contribute to Huizar's sentence. *Id.* at 710. As a

result, we reversed the sentencing portion of the trial court's judgment and remanded the case to the trial court for a new punishment trial. *Id.*

On petition for discretionary review, the Court of Criminal Appeals agreed that the trial judge erred by failing to instruct the jury on the reasonable doubt standard during the punishment phase of trial, but disagreed that the error implicated constitutional rights. *See Huizar v. State,* 12 S.W.3d 479, 484 (Tex.Crim.App.2000) (op. on reh'g). Specifically, the Court instructed that the error was derived from violations of sections 36.14 and 37.07 of the Code, and thus the error should be analyzed under the standard set out in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1985). *See Huizar,* 12 S.W.3d at 484–85. The Court then reversed this court's judgment and remanded the appeal for harm analysis. *See id.* at 485. We now consider the error under *Almanza.*

 Under *Almanza,* the court of appeals reviews a jury charge error according to whether the error was preserved at trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). The court of appeals will not reverse error that was not preserved at trial unless the error was so harmful that the defendant was denied "a fair and impartial trial." *Arline v. State,* 721 S.W.2d 348, 352 (Tex.Crim.App.1986). To constitute reversible error, a defendant must have suffered actual "egregious" harm. *Arline,* 721 S.W.2d at 351–52. The actual degree of harm must be assayed "in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171.

After reviewing the record of Huizar's trial as a whole, we cannot conclude that Huizar was denied a fair and impartial trial. While a sentence of 99 years may seem to be egregious harm that requires reversal, the sentence is within the range of punishment for aggravated sexual assault. As a result, we conclude that the failure to instruct the jury on the reasonable-doubt standard during the punishment phase of trial was harmless under *Almanza.*

We now affirm the sentencing portion of the trial court's judgment. Although Justice Mansfield opined in a concurring opinion that he would order this court to determine whether trial counsel's failure to request a reasonable-doubt instruction during punishment phase amounted to ineffective assistance of counsel, the Court's decision on remand, as well as the Court's decision in *Thompson v. State,* make ineffective assistance of counsel a moot consideration. *See Thompson v. State,* 9 S.W.3d 808, 814 (Tex.Crim.App.1999) (cautioning courts of appeals to be "especially hesitant [about declaring] counsel ineffective based on a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions").

ANGELINI, J., concurs in judgment only.