No. 04-02-00041-CR



James Charles EMBREE,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CR-1348


Honorable Pat Priest, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: September 4, 2002 


AFFIRMED

 James Charles Embree ("Embree") appeals his conviction for murder. Embree argues that
the trial court errred in failing to give a reasonable doubt instruction, during the punishment phase,
in regards to evidence of extraneous misconduct.



Background


 Embree was indicted for murder and pled guilty. The case went to a jury on punishment. The
State introduced evidence of extraneous crimes and bad acts in hopes of obtaining a more severe
sentence. The trial court did not provide a reasonable doubt instruction as to the extraneous
misconduct in the jury charge, nor was it requested. The jury sentenced Embree to 99 years in prison.

Discussion


 Under the Texas Code of Criminal Procedure, the State may introduce, at the punishment
phase of trial, "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt
by evidence to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or finally convicted of the
crime or act." Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (emphasis added). Failure of the
trial court to give a reasonable doubt instruction as to extraneous crimes or bad acts is error that must
be analyzed under the standard set forth in Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App.
1985). Huizar v. State, 12 S.W.3d 479, 484-85 (Tex. Crim. App. 2000). 

 Under Almanza, we review jury charge error based on whether the defendant preserved the
error at trial. Huizar v. State, 29 S.W.3d 249, 251 (Tex. App.-San Antonio 2000, pet. ref'd). We
"will not reverse error that was not preserved at trial unless the error was so harmful that the
defendant was denied a 'fair and impartial trial.'" Id. "To constitute reversible error, a defendant
must have suffered actual 'egregious' harm." Id. "The actual degree of harm must be assayed 'in
light of the entire jury charge, the state of the evidence, including contested issues and weight of
probative evidence, the argument of counsel and any other relevant information revealed by the
record of the trial as a whole.'" Id.

 Embree did not object to the lack of a reasonable doubt instruction in the jury charge, so the
error was not preserved. We, therefore, must decide whether the error caused Embree such
egregious harm that he was denied a fair and impartial trial. See id. After reviewing the record as
a whole, we hold Embree was not denied a fair and impartial trial. See id.

 Embree's sentence of 99 years is within the range of allowable punishment for a murder
conviction. Embree pled guilty to a brutal murder, and the jury sentenced him accordingly. The
evidence of extraneous crimes and bad acts offered by the State consisted primarily of Embree's own
statements to police. Embree never contested these statements and did not offer any evidence to the
contrary. The State never misrepresented the burden of proof regarding the admission of the
extraneous misconduct, nor did the jury charge incorrectly state the burden. To the contrary, the
state never made any reference to the burden of proof, and the charge was completely silent on the
issue. The trial court's error did not cause Embree egregious harm and deny him of a fair and
impartial trial. See Huizar, 29 S.W.3d at 251.

Conclusion


 The judgment of the trial court is affirmed. 


 Phil Hardberger, Chief Justice


DO NOT PUBLISH