NO. 12-01-00167-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



GENE RAY TABOR,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

 Appellant Gene Ray Tabor appeals his conviction for the offense of burglary of a
habitation for which he was sentenced to fifteen years in prison and a fine of $10,000.00. In
three issues, Appellant contends that the evidence is legally and factually insufficient to support
the conviction and that the trial court erred by failing to instruct the jury on the State's burden
of proof in the punishment phase of the trial. We affirm.


Background

 On April 17, 2000, Appellant went into D.J.'s Check Cashing business and cashed two
one-hundred-dollar travelers checks in the name of Beatrice Hayes ("Hayes"). Appellant told
Deborah McMullen ("McMullen"), who owned D.J.'s along with her husband, that Hayes had
given him the checks as payment for yard work. Before cashing the checks, McMullen verified
with the issuer of the travelers checks that they had not been reported stolen. McMullen
attempted to contact Hayes before cashing the checks, but her efforts were unsuccessful. To cash
the checks, Appellant used his own driver's license, provided a Social Security number, provided
a local address, and provided a place of employment. The whole transaction was captured on
videotape.

 Shortly after Appellant left D.J.'s, McMullen reached Hayes. Hayes went and looked in
her purse and discovered that the travelers checks were missing along with a personal check,
some cash, a Wal-Mart gift card, and her car keys. When Hayes had put the cash in her purse
the previous night, she noted that the travelers checks, car keys and other items were there. 
Hayes had put her purse in her bedroom closet and had not left the house that night, so she
concluded that someone had come into her home during the night and taken the travelers checks
and other items. Hayes and McMullen both contacted the police.

 On April 19, 2000, Hayes' car was stolen from outside her home. Some days or weeks
later, (1) Hayes' car was found in Dallas County. In the meantime, Appellant had been arrested in
Dallas County, and when he was booked into the jail, Appellant had Hayes' car keys in his
possession.


Sufficiency of the Evidence

 In his first and second issues, Appellant contends that the evidence is legally and factually
insufficient to support his conviction because there was no evidence that he entered the
habitation of Mrs. Hayes.

 A person commits the offense of burglary if, without the effective consent of the owner,
he enters a habitation with intent to commit theft. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon
Supp. 2002). Burglary of a habitation under such circumstances is a felony of the second degree. 
 Tex. Pen. Code Ann. § 30.02(c)(2) (Vernon Supp. 2002). Burglarious entry can be proven
solely through circumstantial evidence. Gilbertson v. State, 563 S.W.2d 606, 608 (Tex. Crim.
App. [Panel Op.] 1978). 

 In cases where there is independent evidence of a burglary, the unexplained personal
possession of recently stolen property may constitute sufficient evidence to support a conviction. 
See Chavez v. State, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992); Sutherlin v. State, 682
S.W.2d 546, 549 (Tex. Crim. App. 1984). Mere possession of stolen property does not give rise
to a presumption of guilt, but rather it will support an inference of guilt of the offense in which
the property was stolen. Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). To
warrant an inference of guilt based solely on the possession of stolen property, it must be
established that the possession was personal, recent, and unexplained. Grant v. State, 566
S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1978). Also, the possession must involve a
distinct and conscious assertion of right to the property by the defendant. Id. If the defendant
offers an explanation for his possession of the stolen property, the record must demonstrate the
account is false or unreasonable. Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). 
Whether a defendant's explanation for possession of recently stolen property is true or reasonable
is a question of fact to be resolved by the trier of fact. Dixon v. State, 43 S.W.3d 548, 552 (Tex.
App.-Texarkana 2001, no pet.). 

Legal Sufficiency

 The standard of review for legal sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Lacour v. State, 8 S.W.3d 670,
671 (Tex. Crim. App. 2000). An appellate court should uphold the jury's verdict "unless it is
found to be irrational or unsupported by more than a mere modicum of evidence." Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the exclusive judge of the
credibility of the witnesses and of the weight to be given their testimony. Barnes v. State, 876
S.W.2d 316, 321 (Tex. Crim. App. 1994). Likewise, reconciliation of conflicts in the evidence
is within the exclusive province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim.
App. 1986). 

 In the case before us, the evidence was uncontroverted that Hayes' home was burglarized
sometime after she put her purse in her bedroom closet on the night of April 16, 2000, and before
she awoke on the morning of April 17, 2000. Hayes told the jury that she did not leave the house
after putting the cash in her purse and putting her purse in her bedroom closet on the night of
April 16, 2000. Hayes testified that four one-hundred-dollar travelers checks, her car keys, and
several other items which she saw in her purse on the night of April 16 were missing from her
purse the next morning, and, thus, must have been taken from her home while she slept that
night. The evidence showed that at about ten o'clock on the morning of April 17, 2000,
Appellant cashed two of Hayes' travelers checks, signing his own name on the back of the
checks and using his own driver's license for identification. Appellant told McMullen that
Hayes gave him the checks as payment for yard work. However, Hayes testified that she did not
give the travelers checks to anyone and that she did not know nor remember ever even meeting
Appellant. Further, the evidence was uncontroverted that Hayes' car was stolen two days after
she discovered that her keys had been taken. The evidence showed that Hayes' car was
recovered in Dallas County sometime later, that Appellant had been arrested in Dallas County,
and that when he was arrested, Appellant had Hayes' car keys in his possession.

 The evidence, viewed in the light most favorable to the jury's verdict, showed that the
morning after the burglary, Appellant had personal possession of at least two of the travelers
checks taken during the burglary and that Appellant had personal possession of the car keys
taken during the burglary some time later. Grant, 566 S.W.2d at 956. Because the record is
unclear as to the time when Appellant was found to be in possession of Hayes' car keys, we limit
our analysis to the evidence of Appellant's possession of the travelers checks. Id. Regarding
the travelers checks, the evidence further showed that Appellant established a distinct and
conscious assertion of right to the two travelers checks by cashing them. Id. Finally, the
evidence showed that Hayes did not give the travelers checks to Appellant. Adams, 552 S.W.2d
at 815. Viewing the evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found beyond a reasonable doubt that Appellant burglarized
Hayes' home based on his personal, recent, and unexplained possession of Hayes' property. 
Therefore, we hold that the evidence is legally sufficient to support Appellant's conviction. 
Accordingly, Appellant's first issue is overruled.

Factual Sufficiency

 When reviewing the factual sufficiency of the evidence, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). This review must employ appropriate deference
to prevent an appellate court from substituting its judgment for that of the fact finder, and any
evaluation should not substantially intrude upon the fact finder's role as the sole judge of the
weight and credibility to be given to the testimony of the witnesses. See Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). We will reverse the factfinder's determination only
if a manifest injustice has occurred. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 


 The evidence, viewed in a neutral light, showed that Appellant had personal possession
of at least two of Hayes' travelers checks less than twenty-four hours after the burglary and that
Appellant had personal possession of her car keys some time later. Grant, 566 S.W.2d at 956. 
Again, we limit our consideration to evidence of Appellant's possession of the travelers checks
because the record is unclear as to when Appellant possessed Hayes' car keys. Regarding the
travelers checks, the evidence further showed that Hayes did not give the travelers checks to
Appellant and that Appellant established a distinct and conscious assertion of right to the two
travelers checks by cashing them. Id. We hold that the proof of guilt is not so obviously weak
as to undermine confidence in the jury's determination.

 Appellant did not call any witnesses to offer contrary proof through direct evidence. 
Appellant did suggest by his questions of the State's witnesses, in his opening statement, and in
his closing argument, that Hayes' grandson, who was in D.J.'s when Appellant cashed the
travelers checks, was the burglar. However, the jury was in the best position to judge the
credibility of Appellant's theory of the case, and to say that the record clearly reveals that a
different verdict would be appropriate in this case would require us to substitute our judgment
for that of the factfinder which we decline to do. Finding no manifest injustice apparent, we hold
that the evidence is factually sufficient to support the jury's verdict. Therefore, Appellant's
second issue is overruled.

The Jury Charge

 In his third issue, Appellant contends that the trial court erred by failing to sua sponte
instruct the jury during the punishment phase that it could consider evidence of extraneous
offenses only if it believed beyond a reasonable doubt that Appellant had committed the offenses. 

 At the punishment phase of the trial, the State offered two "pen packets" into evidence
showing that Appellant had been convicted of possession of a controlled substance, unauthorized
use of a motor vehicle, and felony theft. Appellant stated that he had "no objection" to the
exhibits. No further evidence was offered on the issue of punishment by either party, and neither
party objected to the charge. 

 Article 37.07, sections 3(a) and (b) of the Texas Code of Criminal Procedure requires the
trial court to instruct the jury at the punishment phase not to consider evidence of extraneous
crimes or bad acts unless it is shown beyond a reasonable doubt that the defendant committed
them. See Tex. Code Crim. Proc. Ann. art. 37.07, §§ 3(a), (b) (Vernon Supp. 2002); Huizar
v. State, 12 S.W.3d 479, 482-83 (Tex. Crim. App. 2000). Even in the absence of a request or
objection by Appellant, the trial court is required to sua sponte instruct the jury on the State's
burden of proof under Article 37.07. See id. at 484. The trial court's failure to give such an
instruction is error. See id. 

 Where Appellant did not object to the trial court's failure to include an instruction under
Article 37.07, jury charge error does not require reversal unless it was so harmful that the
defendant was denied a fair and impartial trial and suffered actual egregious harm. See Huizar
v. State, 29 S.W.3d 249, 251 (Tex. App.-San Antonio 2000, pet. ref'd). "Egregious harm" exists
when the error was so harmful as to deny the defendant "a fair and impartial trial" or when the
error was calculated to harm the defendant. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon
1981); Barrera v. State, 982 S.W.2d 415, 417 (Tex. Crim. App. 1998). The degree of harm must
be evaluated "in light of the entire jury charge, the state of the evidence, including contested
issues and weight of probative evidence, the argument of counsel and any other relevant
information revealed by the record of the trial as a whole." Huizar, 29 S.W.3d at 251. Any
harm suffered must be actual and not merely theoretical. See Dickey v. State, 22 S.W.3d 490,
492 (Tex. Crim. App. 1999).

 After reviewing the record of the trial as a whole, we do not believe that Appellant was
denied a fair and impartial trial or suffered actual egregious harm by the omission of the jury
instruction. Where the jury's verdict on guilt/innocence was that Appellant burglarized the home
of an elderly woman as she slept in her bed, we decline to speculate that Appellant received a
longer sentence than he would have had the instruction been included. Because the fifteen-year
sentence and $10,000.00 fine were well within the punishment range for the offense, Appellant
has not demonstrated that he suffered egregious harm, especially where the prosecutor argued
for a twenty-year sentence. See Huizar, 29 S.W.3d at 251. Therefore, we cannot conclude that
Appellant suffered actual, egregious harm due to the trial court's failure to sua sponte instruct
the jury on the State's burden of proof regarding extraneous offense evidence. Accordingly, we
overrule Appellant's third issue.

 The judgment of the trial court is affirmed.

 LOUIS B. GOHMERT, JR. 

 Chief Justice

Opinion delivered September 18, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.










(PUBLISH) 
1. The record is unclear as to the time.