Affirmed and Memorandum Opinion filed March 27, 2003









Affirmed and Memorandum Opinion filed March 27, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00380-CR

____________

 

DAVID FRANCIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 898,798

 



 

M E M O R A N D U M   O
P I N I O N

A jury found appellant, David Francis, guilty of sexual
assault of a child and assessed punishment at ten years confinement in the
Texas Department of Criminal Justice, Institutional Division, and a $10,000
fine.  The trial court sentenced
appellant accordingly.  This appeal
involves only the punishment phase. 
Appellant contends the trial court erred in not sua sponte giving a
reasonable doubt instruction regarding extraneous acts, and appellant=s trial counsel was ineffective in
not requesting such an instruction.  We
affirm.








PUNISHMENT PHASE EVIDENCE[1]

At the punishment phase, the State called Ramona Gonzales as
its first witness.  Gonzales testified
she and appellant had been together for seven years and had two children.  The State questioned Gonzales about three
occasions on which appellant allegedly assaulted her:  June 1, 1997; June 20, 1999; and November 7,
1999.

When asked whether she remembered the first incident,
Gonzales replied, “No.  I started that.”
She testified appellant “only defended himself.”  She remembered telling the police appellant
assaulted her by hitting her on the leg with his fist and throwing a carton of
milk at her, but did not remember other aspects of the incident and did not
remember other statements she made to the police.

When asked about the second incident, Gonzales admitted
calling the police and telling them appellant punched her in the face and gave
her a black eye and a scratch on her chin. 
She added, “That’s because I started it.”  Gonzales testified she “dismissed charges on
that one.”

When asked about the third incident, Gonzales did not provide
any information about the incident.  She
also did not remember telling the police appellant struck her with a closed
fist and gave her a bloody nose.

The State next called three witnesses who had taken reports
from Gonzales.[2]  Antonette Burns, a civilian senior public
officer with the Houston Police Department, took a report from Gonzales
regarding the first incident.  Burns
testified Gonzales told her she was afraid appellant would put her (Gonzales)
and the baby “six feet under ground.”








Houston Police Department Officer Armando Alaniz responded to
an assault-in-progress call regarding the second incident.  Gonzales told Alaniz appellant threw her
against the wall and punched her in the face a few times.  Alaniz noticed the left side of Gonzales= face was “beginning to bruise up and
it started to swell.”

Houston Police Department Officer Andrew Sepulveda testified
he responded to an assault-in-progress call regarding the third incident.  Gonzales told Sepulveda appellant chased her
and struck her in the face four or five times with a closed fist.

Appellant testified the problems with Gonzales were “in the
past.”  He stated he left Gonzales two
years earlier because he wanted to “stop the violence.”  He had only one misdemeanor conviction and no
felony convictions.  If placed on
probation, he would work to support his children as he had done prior to being
incarcerated.

DISCUSSION

Issue One: Trial Court=s Failure to Give a Reasonable Doubt Instruction at
the Punishment Phase

 








In issue one, appellant argues the trial court erred at the
punishment phase by not instructing the jury it had to find beyond a reasonable
doubt that appellant committed the extraneous crimes and bad acts the State
asserted he committed.[3]  We agree with appellant that, when evidence
of an extraneous offense is presented during punishment, the jury should be
instructed not to consider such an offense unless the State proves beyond a
reasonable doubt that appellant committed the offense.  See Mitchell v. State, 931 S.W.2d 950,
954 (Tex. Crim. App. 1996).  The
defendant is entitled to such an instruction, even absent a request.  Huizar v. State, 12 S.W.3d 479, 484
(Tex. Crim. App. 2000).  Thus, although
appellant failed to request this instruction during the punishment phase of the
trial below, the trial court was required to give a reasonable doubt
instruction in the charge.  Id.  Having failed to do so, the trial court
erred.  Id.

When the trial court fails to submit this instruction, this
court must conduct the harm analysis prescribed in Almanza v. State, 686
S.W.2d 157 (Tex. Crim. App. 1985).  See
Huizar, 12 S.W.3d at 484B85.  When, as in this
case, a defendant does not object to error in the charge, he “must claim that
the error was ‘fundamental.’”  Almanza,
686 S.W.2d at 171.  He “will obtain
reversal only if the error is so egregious and created such harm that he ‘has
not had a fair and impartial trial=Cin short >egregious harm.’”  Id. 
The harm must be actual, rather than merely theoretical.  Dickey v. State, 22 S.W.3d 490, 492
(Tex. Crim. App. 1999). To determine whether the error caused egregious harm,
we must consider all parts of the record that bear upon the subject, including “the
entire jury charge, the state of the evidence, including the contested issues
and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole.”  Almanza, 686 S.W.2d at 171.

In the present case, the jury found appellant guilty of
sexual assault of a child, an offense carrying a penalty of not more than
twenty nor less than two years and a fine not to exceed $10,000.  See
Tex. Pen. Code Ann. ' 22.011(f) (Vernon 2003); Tex.
Pen. Code Ann. ' 12.33 (Vernon 2003). 
The jury assessed punishment at ten years and a fine of $10,000, well
below the maximum punishment possible.  Cf.
Huizar v. State, 29 S.W.3d 249, 251 (Tex. App.CSan Antonio 2000, pet. ref=d) (after reviewing record as a
whole, holding no egregious harm even though jury imposed maximum sentence of
ninety-nine years and $10,000 fine when sentence was within range for offense).

During the guilt/innocence phase, the jury heard evidence of
a sexual assault in which appellant and his co-actor forced the victim to drink
alcohol, alternated in having oral and vaginal intercourse with her, and
dropped her, in an intoxicated state, at a bus stop afterwards.  The victim, a virgin before the assault, was
in tears during her testimony and ran from the courtroom crying afterwards.








Contrary to appellant=s characterization of the State=s argument, the State did not
emphasize the extraneous acts against Gonzales. 
Instead, the State emphasized appellant had violated the victim of the
present offense and taken her dignity from her.

Finally, appellant admitted to at least one of the extraneous
acts.  In the guilt/innocence phase, he
testified he was convicted of a misdemeanor for an assault on Gonzales.  At the punishment phase, he testified the
problems with Gonzales were “in the past,” thereby implicitly admitting the
acts.

In light of the record as a whole, the trial court=s failure to give a reasonable doubt
instruction in relation to the extraneous acts was harmless error under Almanza.  See 686 S.W.2d at 171.  We overrule issue one.

Issue Two: Ineffective Assistance of Counsel








In issue two, appellant argues his trial counsel provided
ineffective assistance at the punishment phase when she did not request a
reasonable doubt instruction in relation to the extraneous offenses.  To prevail on a claim of ineffective
assistance of counsel, an appellant must show (1) counsel=s performance was deficient, i.e.,
it fell below an objective standard of reasonableness, and (2) appellant was
prejudiced, i.e., there is a reasonable probability that but for counsel=s errors, the result of the
proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Ex parte
Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001); see Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (regarding application of
Strickland test to non-capital sentencing proceedings).  Appellant bears the burden of proving by a
preponderance of the evidence counsel was ineffective.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  “‘Any allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.’”  Varelas, 45 S.W.3d at 629 (quoting McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  “[A]n appellant=s failure to satisfy one prong of the
Strickland test negates a court’s need to consider the other prong.”  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001), cert. denied, 2003 WL 397751 (U.S. Feb. 4,
2003) (No. 02-5551).

When we review ineffectiveness claims, our scrutiny of
counsel=s performance must be highly
deferential.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065.  A court must
indulge, and a defendant must overcome, a strong presumption that the
challenged action might be considered sound trial strategy under the
circumstances.  Id.  “A fair assessment of attorney performance
requires making every effort to eliminate the distorting effects of hindsight .
. . and to evaluate the conduct from counsel=s perspective at the time.”  Id.

The presumption that an attorney’s actions were sound trial
strategy ordinarily cannot be overcome absent evidence in the record of the
attorney=s reasons for his conduct.  Busby v. State, 990 S.W.2d 263, 268B69 (Tex. Crim. App. 1999).  Instead, without evidence of counsel’s
reasons for the challenged conduct, an appellate court “‘commonly will assume a
strategic motivation if any can possibly be imagined,’ . . . and will not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it.”  Garcia, 57 S.W.3d at 440 (quoting 3 W. LaFave, 
et al., Criminal Procedure ' 11.10(c) (2d ed. 1999), and citing Thompson,
9 S.W.3d at 814); see also Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim.
App. 2000) (holding, despite arguably objectionable nature of evidence to which
counsel did not object, “without some explanation as to why counsel acted as he
did, we presume that his actions were the product of an overall strategic
design”).








“Failure to request an instruction on the burden of proof
required for consideration of extraneous offenses during the punishment phase
of trial is not necessarily ineffective assistance of counsel.”  Gholson v. State, 5 S.W.3d 266, 273
(Tex. App.CHouston [14th Dist.] 1999, pet ref=d). 
Counsel may simply have wished not to draw further attention to the
extraneous acts.  See Hardin v. State,
951 S.W.2d 208, 212 (Tex. App.CHouston [14th Dist.] 1997, no pet.) (holding failure to
object to objectionable reading of enhancement paragraphs in indictment during
guilt/innocence phase may be reasonable strategy to attempt to avoid calling
further attention to appellant=s prior convictions); Oliva v. State, 942 S.W.2d 727,
733 (Tex. App.CHouston [14th Dist.] 1997) (noting
counsel=s failure to object to prosecutor=s alleged misstatement regarding
appellant=s prior conviction may have been
trial strategy to avoid overemphasizing prior conviction), pet. dism’d, improvidently granted, 991 S.W.2d 803 (Tex.
Crim. App. 1998) (per curiam).

In the present case, there is nothing in the record to
indicate appellant filed a motion for new trial.  He has not presented by affidavit, or
otherwise, any evidence of counsel=s reasons for the challenged
conduct.  Without a record of counsel=s reasons for her actions, we will not
speculate.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); see also Bone v. State, 77
S.W.3d 828, 834B36 (Tex. Crim. App. 2002) (criticizing court of appeals for
concluding, without firm support in the record, that counsel performed
incompetently).

We overrule issue two.

We affirm the judgment of the trial court.

 

 

 

 

/s/        John S. Anderson

Justice

 

Judgment rendered
and Memorandum Opinion filed March 27, 2003.

Panel consists of
Justices Anderson, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Additional
facts will be set forth in the course of the discussion.





[2]  Defense counsel
lodged hearsay objections to the testimony of two of these witnesses.  The State established a predicate for
admissibility under the excited utterance exception.





[3]  A[E]vidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to . . . evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible.@  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp. 2003).