Affirmed and Opinion filed August 12, 2003









Affirmed and Opinion filed August 12, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00684-CR

____________

 

ERIC ESPARZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 338th District Court

Harris County, Texas

Trial
Court Cause No. 891,014

 



 

O
P I N I O N

Appellant,
Eric Esparza, was convicted by a jury of aggravated assault.  Appellant pleaded true to one enhancement
paragraph, and the jury assessed his punishment at 60 years=
confinement in the state penitentiary. 
In two points of error, appellant contends (1) the trial court failed to
instruct the jury on the burden of proof for extraneous offenses, and (2) he
received ineffective assistance of counsel. 
We affirm.  








On
June 8, 2001, Lorenzo Seals, a maintenance man for the Kennedy Place
apartments, heard a commotion outside his office.  When he went outside to investigate, a woman
told him that two men, later identified as appellant and Alejandro Garcia, had
stomped all over his car.  Seconds later,
appellant grabbed Seals=s shirt and accused him of breaking into Garcia=s
apartment.  Seals denied the allegation
and offered to investigate the incident. 
Appellant and Garcia walked Seals back to Garcia=s
apartment.  

When
Seals reached the apartment, he noticed someone had kicked in the door.  As Seals entered the apartment, appellant and
Garcia started hitting him.  Appellant
then pulled out a knife and stabbed Seals in the leg and in the chest.  Seals fought his way out of the apartment and
flagged down a nearby police officer.  At
that point, appellant and Garcia exited the apartment with their knives drawn
and the officer ordered them to the ground. 
Appellant was arrested and subsequently convicted of aggravated assault.  

In
his first issue, appellant contends the trial court erred at the punishment
phase of the trial when it failed to instruct the jury on the State=s
burden of proof for extraneous offenses. 
The State=s extraneous offense evidence consisted of (1) a penitentiary
packet which included disciplinary records; (2) appellant=s
prior convictions; (3) testimony that appellant possessed a pistol in a
nightclub; and (4) disciplinary acts appellant committed in the Harris County
Jail.  Appellant argues the State focused
primarily on the extraneous offense evidence during the punishment phase and
only mentioned the underlying offense.








            A
trial court must submit a charge setting forth Athe law applicable to the case.@  Tex. Code Crim. Proc. Ann. art.
36.14 (Vernon Supp. 2002).  Law
applicable to the case concerning extraneous crimes requires proof beyond a
reasonable doubt and an instruction to that effect regardless of whether
requested.  Huizar
v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  Failing to give this instruction constitutes
statutory error,[1]
and thus requires analysis under Almanza v.
State, 686 S.W.2d 157 (Tex.
Crim. App.
1985).  Huizar,
12 S.W.3d at 482B83.  

Under
Almanza, the reviewing court must first
ascertain whether the error was preserved by objection at trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984).  An unpreserved complaint will not
constitute reversible error unless the error was so damaging that the defendant
was denied Aa fair and impartial trial.@  Arline
v. State, 721 S.W.2d 348, 351 (Tex. Crim. App.
1986).  Thus, a defendant can only obtain
a reversal if the error caused Aegregious@ harm to the defendant.  Id.  In reviewing any alleged harm against a
defendant, the court must consider the impact of the omission of the
instruction rather than the impact of the admission of the extraneous offense
evidence.  Ellison v. State, 86 S.W.3d
226, 228 (Tex. Crim. App. 2002).  A court must measure the degree of harm in Alight
of the entire jury charge, the state of the evidence, including contested
issues and weight of probative evidence, the argument of counsel and other
relevant information.@  Almanza,
686 S.W.2d at 171.  








Appellant
did not preserve the error, and after reviewing the entire record of his trial,
we conclude he was not denied a fair and impartial trial.  Appellant does not contest the authenticity
of the extraneous offenses.  In fact, the
evidence establishing each of the extraneous offenses was substantial.  Rather, appellant complains he was harmed by
the State=s focus on the extraneous offenses.  Of course, the State=s
attorney was authorized to emphasize the importance of appellant=s
previous difficulties to demonstrate his unrepentant character.  Appellant also contends he was harmed by the
fact that he was sentenced to sixty years= imprisonment.  However,
in light of the viciousness of appellant=s attack, and his prior criminal record, a sixty-year sentence
seems reasonable.  See Tex. Pen. Code Ann. '
12.32 (Vernon 2003); see Huizar v. State, 29 S.W.3d
249, 251 (Tex. Crim. App. 2000) (after reviewing the
record as a whole, holding no egregious harm even though jury assessed maximum
punishment of ninety-nine years and $10,000 fine, within range of the
offense).  We find no egregious harm in
the record presented here.  Accordingly,
appellant=s first issue is overruled.

In
his second issue, appellant argues he received ineffective assistance of counsel
because his counsel (1) failed to request a notice of the State=s
intent to introduce evidence of extraneous acts; and (2) failed to request an
instruction on the burden of proof for extraneous offenses.  

Under
Strickland v. Washington, 466 U.S. 668, 693 (1984), appellant must
demonstrate (1) counsel=s performance was deficient and not reasonably effective, and
(2) the deficient performance prejudiced the defense.  Id. 
Essentially, appellant must show his counsel=s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and there is a reasonable probability that, but
for his counsel=s unprofessional errors, the result of the proceeding could
have been different.  Accord Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App.
1997).  

Judicial
scrutiny of counsel=s performance must be highly deferential, and we are to indulge
a strong presumption that counsel was effective.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  We presume counsel=s
actions and decisions were reasonably professional and that they were motivated
by sound trial strategy.  Id.  Moreover, to rebut this presumption,
appellant must show, by a preponderance of the evidence, why trial counsel did
what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249,
263 (Tex. Crim. App. 1998).  If the record contains no evidence of the
reasoning behind trial counsel=s actions, we cannot conclude counsel=s
performance was deficient or speculate about the reasons behind trial counsel=s
actions.  Jackson, 877 S.W.2d at
771.     








If
appellant proves his counsel=s representation fell below an objective standard of reasonableness,
he still must affirmatively prove prejudice as a result of those acts or
omissions.  Strickland, 466 U.S.
at 693; McFarland, 928 S.W.2d at 500. 
Counsel=s errors, even if professionally unreasonable, do not warrant
setting the conviction aside if the errors had no effect on the judgment.  Strickland, 466 U.S. at 691.  Appellant must prove that counsel=s
errors, judged by the totality of the representation, denied him a fair trial,
or his ineffectiveness claim fails.  McFarland, 928 S.W.2d at 500.  

Appellant
has not provided this Court with any evidence to affirmatively demonstrate the
ineffectiveness of his trial counsel.  He
did not file a motion for new trial, and the record contains no evidence of the
reasoning behind any of his trial counsel=s actions.  Thus,
appellant has failed to rebut the presumption that counsel=s
actions were reasonably professional and motivated by sound trial
strategy.  Additionally, appellant has
not demonstrated that his trial counsel=s performance prejudiced his defense.  Accordingly, appellant=s
second issue is overruled.  

The
judgment of the trial court is affirmed.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

 

 

Judgment rendered and Opinion filed August
12, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  Article 36.14
of the Texas Code of Criminal Procedure, which applies to Article 37.07,
requires a jury charge to contain the law applicable to the case.  Tex.
Code Crim. Proc. Ann. art. 36.14; Huizar, 12 S.W.3d at 484.  An omitted instruction on the law applicable
to the case constitutes purely charge error under article 36.19, rather than a
constitutional error, and requires analysis under Almanza.  Huizar, 12
S.W.3d at 484.