In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-363 CR


____________________



MELVIN CHARLES PRUDE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 03-10-07501-CR






MEMORANDUM OPINION (1)


 Melvin Prude pled guilty to murdering James Bell, and he elected to have a jury assess
punishment. The jury assessed punishment at thirty years' confinement in the Texas
Department of Criminal Justice, Institutional Division. The principal issues in this case are
whether extraneous offenses were admissible in the punishment phase of Prude's trial, and
whether the jury verdict should be reversed because the trial court failed to admonish the jury
that the State was required to prove extraneous offenses beyond a reasonable doubt. 

 The extraneous acts introduced at the punishment phase of the trial involve conduct
that reflected on the character of the accused, and consisted of testimony about the following
unadjudicated offenses: (1) Prude's drug use observed by George Fowler; (2) an assault
involving two other men that occurred three or four years prior to the murder; and (3) Prude's
drug use observed by Kim Dugger. 

 Prude raises two points of error for our consideration. First, Prude asserts that during
the punishment phase of trial, the trial court failed to properly conduct "Montgomery (2)
hearings" and improperly allowed extraneous offenses to be considered by the jury. Second,
Prude asserts that the trial court failed to provide the jury with an instruction that the State
was required to prove extraneous offenses beyond a reasonable doubt following the
"Montgomery hearing" and in the jury charge. We affirm.

 A trial court's decision to admit extraneous offense evidence during the punishment
phase is reviewed under an abuse of discretion standard. Mitchell v. State, 931 S.W.2d 950,
953 (Tex. Crim. App. 1996). The trial court's decision will not be overturned unless it is
found to be outside the zone of reasonable disagreement. Powell v. State, 63 S.W.3d 435,
438 (Tex. Crim. App. 2001).

 Article 37.07, section 3(a)(1) of the Code of Criminal Procedure governs the
admissibility of extraneous offense evidence during the punishment phase, provided the
extraneous offense is proven beyond a reasonable doubt. Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2005). Montgomery governs the admissibility of extraneous
offense evidence under Texas Rules of Evidence Rule 404(b) during the guilt/innocence
phase of trial, not the punishment phase. Montgomery, 810 S.W.2d at 375, 387-88; Tex. R.
Evid. 404(b). In Fowler v. State, this Court stated, "By its express wording, section 3 of
article 37.07 permits a trial court to admit extraneous offense or bad act evidence to show a
defendant's character. Furthermore, any extraneous offense or bad act evidence is admissible
without regard to Rule 404 (character evidence)." Fowler v. State, 126 S.W.3d 307, 310
(Tex. App. - Beaumont 2004, no pet.); see also Hughes v. State, 24 S.W.3d 833, 842 (Tex.
Crim. App. 2000). Thus, our analysis is guided by Article 37.07, section 3(a)(1) of the Code
of Criminal Procedure, not Montgomery. 

 Article 37.07 does not require a trial court to conduct a hearing outside the jury's
presence to determine the admissibility of extraneous offenses during the punishment phase. 
See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2005); Welch v. State,
993 S.W.2d 690, 697 (Tex. App. - San Antonio 1999, no pet.). The trial court must
determine the threshold issue of admissibility by determining whether the extraneous offense
is relevant. Mitchell, 931 S.W.2d at 953. Relevant evidence is evidence that helps a jury
determine the appropriate sentence in a particular case for a particular defendant. Rogers v.
State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). "What evidence should be admitted
to inform that normative decision is not a question of logical relevance, but of policy." 
Miller-El v. State, 782 S.W.2d 892, 896 (Tex. Crim. App. 1990). After the trial court finds
the extraneous evidence relevant, the jury, as the fact finder, must then determine whether
the State has satisfied its burden to prove the extraneous acts beyond a reasonable doubt. 
Mitchell, 931 S.W.2d at 953. 

 George Fowler testified that he and Prude were friends, and he had known Prude for
about five or six years. Fowler testified that after Prude's wife died of cancer, Prude told him 
he had used crystal methamphetamine. Fowler also testified that the morning prior to the
murder, he went to Prude's house, and when Prude came to the door, Prude seemed "high off
something." Fowler testified that he observed Prude's arms, and that Prude had dried blood
on his arm that ran from the inner part of the elbow down the forearm. Fowler testified that
Prude told him that "he had taken some Valiums." Prude complains that this testimony
should not have been admitted as extraneous offense evidence. At trial, Prude objected to
the testimony on the basis that Prude's methamphetamine use had not been proven beyond
a reasonable doubt, violated his motion in limine, and he sought a running objection to "any
testimony regarding this matter." Prude did not object to the prejudicial nature of this
testimony by making a Rule 403 objection. Tex. R. Evid. 403. 

 Prude also complains about the admission of testimony from Elmer Crawford and
Steven Colburn concerning an assault Prude committed on them approximately five years
prior to Bell's murder. During the assault, Prude hit Crawford with a walking stick and
broke Crawford's arm, and he struck Colburn on the back of the head, lacerating Colburn's
scalp. Prude complains that the testimony about this assault should not have been admitted
because it was extraneous to the murder for which he was being tried. However, we note that
no objection to the testimony was made when it was introduced into evidence. 

 Finally, Prude complains about the testimony of Kim Dugger. Dugger was an
acquaintance of Prude, and she had known him for about five years. Dugger testified that
Prude and Bell used methamphetamines together. Dugger also testified that Prude told her
he intended to give another acquaintance AIDS by injecting her with his urine. Again,
however, we note that Prude did not object to this testimony. 

 To preserve error for appellate review, a defendant must make a specific objection and
obtain a ruling on the objection in the trial court. Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Tex. R. App. P. 33.1. Because Prude did not object to the testimony of
Crawford, Colburn, and Dugger, his complaint about the admission of their testimony has
been waived. Prude's complaint about any violation of his motion in limine also fails to
preserve any error. Geuder v. State, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003).

 With respect to Fowler's testimony about Prude's drug use, the point of error on
appeal must comport with the legal basis of the objection made at trial. Wilson, 71 S.W.3d
at 349. "An objection stating one legal basis may not be used to support a different legal
theory on appeal." Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Prude
argues that the probative value of the extraneous offense evidence was outweighed by its
prejudicial effect. At trial, however, Prude did not object to the prejudicial nature of any of
the testimony by making a Rule 403 objection. Tex. R. Evid. 403. Thus, Prude's complaint
on appeal regarding the prejudicial effect of Fowler's testimony is waived. Prude's first
point of error is overruled.

 Prude's second point of error asserts the trial court failed to immediately provide the
jury with a limiting instruction as to the State's burden of proof regarding extraneous
offenses following the admission of each extraneous offense and in the jury charge. Prude
cites Rankin v. State, 974 S.W.2d 707 (Tex. Crim. App. 1996) for the proposition that the
trial court was to immediately provide a reasonable doubt limiting instruction upon the
admission of each extraneous offense. The Rankin decision relied on Montgomery v. State
and involved the admission of extraneous offense evidence under Rule 404(b) during the
guilt/innocence phase of trial. Id. at 708-711. Furthermore, the Rankin court merely held
that a trial court must provide a limiting instruction upon request. Id. at 713; see also
Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). 

 At trial, Prude did not request a limiting instruction upon the admission of the
extraneous offense evidence. Thus, the trial court did not err by not providing the jury with
a limiting instruction immediately after the admission of each extraneous offense because
Prude did not request one. Tex. R. App. P. 33.1. 

 Although it was not error to fail to provide a limiting instruction on the burden of
proof after the admission of each extraneous offense when no such instruction was requested,
the court was statutorily required to provide a limiting instruction as to the burden of proof
in the jury charge. Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000); Tex. Code
Crim. Proc. Ann. arts. 36.14, 37.07, § 3(a)(1), (b) (Vernon Supp. 2005). This is true even
when the defendant fails to object to its omission. Huizar, 12 S.W.3d at 484. Before the trial
court read the jury charge, Prude's attorney expressly stated there was no objection to the
charge. An affirmative denial of objection is deemed equivalent to a failure to object. Bluitt
v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004). An unobjected-to charge error may be
raised for the first time on appeal. Id.

 When a defendant complains of a charge error on appeal, we must first determine
whether there is any error in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex.
Crim. App. 1996). If we conclude there is error, we must determine if the error caused
sufficient harm to warrant reversal. Id. at 170-71. That determination is controlled by
whether the error was properly preserved at trial. Id. at 171. When a defendant fails to
object to the error at trial, we will reverse only if the record shows that the error was so
egregiously harmful that the defendant was denied a fair and impartial trial. Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); Bluitt, 137 S.W.3d at 53. Egregious
harm includes errors that deprive a defendant of a valuable right, affect the very basis of a
defendant's case, vitally affect a defensive theory, or make a case for guilt or punishment
clearly and substantially compelling. Hutch, 922 S.W.2d at 171 (citing Almanza, 686 S.W.2d
at 172); Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). "The harm which
must be considered is the impact of the omission in the jury charge of a reasonable-doubt
instruction." Ellison v. State, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002). In determining
the degree of harm, we look to the entire jury charge, the state of the evidence, the arguments
of counsel, and any other relevant information from the entire record. Hutch, 922 S.W.2d
at 171; Almanza, 686 S.W.2d at 171. "Egregious harm is a difficult standard to prove and
such a determination must be done on a case-by-case basis." Hutch, 922 S.W.2d at 171. 

 We find the trial court erred in not sua sponte providing the jury with an instruction
in the jury charge that the State had to prove the extraneous offenses beyond a reasonable
doubt. 

 Prude pled guilty to the first-degree murder of James Bell. Prude was afforded his
rights to have the jury assess his punishment and his right to testify on his own behalf. 
Before the admission of each extraneous offense, the trial court held an admissibility hearing
outside the jury's presence and found each extraneous offense relevant. The record fails to
show that Prude was denied a valuable right during the course of the proceedings. 

 The omission did not affect Prude's defensive theory, nor did it affect the very basis
of the case. To mitigate his first-degree murder sentence, Prude presented the defensive
theory that "he caused the death under the immediate influence of sudden passion arising
from an adequate cause." A review of the jury charge indicates the jury was instructed that
Prude was required to prove the existence of sudden passion by a preponderance of the
evidence. The charge also provided the jury with definitions of "sudden passion," "adequate
cause," and "preponderance of the evidence." Thus, Prude was not denied the opportunity
to put on his defensive case and the omission did not affect the basis of his case. 

 Additionally, the omission of the instruction did not make a case for punishment
clearly or substantially compelling. Because Prude pled guilty, the only issues left to be
resolved by the jury were whether Prude committed the murder under the existence of sudden
passion and the length of his sentence. The record indicates Prude shot James Bell in the back
through a kitchen window. Several witnesses, including Prude himself, testified to the events
surrounding the shooting. The jury may have assessed punishment based on the facts
surrounding the crime. See, e.g., Allen v. State, 47 S.W.3d 47, 52-53 (Tex. App. - Fort
Worth 2001, pet. ref'd). 

 It does not appear that the evidence complained of here was emphasized by the State
during punishment. The State did not refer to any of the extraneous offense evidence during
its closing argument or ask the jury to enhance the punishment based upon the extraneous
conduct evidence. The State did not ask the jury to punish Prude at the maximum sentence. 
Prude's thirty-year sentence is at the lower end of the statutory range of punishment (five to
ninety-nine years). Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003); see Huizar v. State, 29
S.W.3d 249, 251 (Tex. App. - San Antonio 2000, pet. ref'd). 

 We find that although the trial court committed jury charge error by omitting the jury
instruction setting forth the State's burden of proof, Prude was not egregiously harmed by
the omission. Point of error two is overruled and the judgment is affirmed.

 AFFIRMED.




 ___________________________

 HOLLIS HORTON

 Justice


Submitted on March 1, 2005

Opinion Delivered April 6, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.











1. Tex. R. App. P. 47.4.
2. Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990).