Opinion issued March 5, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00057-CR




ALFREDO MORENO GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 597150




MEMORANDUM OPINION
          The jury found appellant, Alfredo Moreno Garcia, guilty of murder. See Tex.
Penal Code Ann. § 19.02 (Vernon 2003). The jury assessed punished punishment
at imprisonment for life. In one point of error, appellant contends he was egregiously
harmed when the trial court failed to sua sponte provide an instruction in the charge
at punishment on the burden of proof for an extraneous offense. See Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008) (allowing admission of
extraneous-offense evidence at punishment phase). We affirm.
Background
          In May 1991, appellant shot and killed his next-door neighbor, Jose Louis
Carreon. Appellant lived in an apartment with Carreon’s sister, Martha Carreon, who
managed a nearby bar for Carreon. Martha testified at trial there was tension between
appellant and her brother over the ownership of the bar.
          On the day of the murder, Carreon came over to the apartment to speak with
his sister. Carreon sat down on the sofa next to Juana Dominguez, a waitress at the
bar. Martha and Juanna testified that appellant entered and, without provocation, shot
Carreon. Appellant testified at trial that Carreon’s death was accidental and that he
acted in self-defense. Appellant’s testimony was that he and Carreon had an
argument, Carreon attacked him with a knife, and, during the subsequent struggle,
appellant’s gun went off. Martha testified that when she threatened to call the police,
appellant pulled the telephone from the wall. Harris County Deputy Sheriff Michael
Talton testified there was no sign of a struggle at the apartment.
          After the shooting, appellant fled to Mexico, where he lived for 15 years. In
2006, appellant was arrested in Mexico and brought back to Texas.
          During the punishment phase , the State called Martha Carreon, who testified
in part as follows:
QNow in the first phase of the trial, to sanitize it a bit so that
we had a conflict, meaning Rafael (sic) [appellant] and Joe [Jose
Carreon], regarding the way he treated you. Do you remember that? It
was my instruction to sanitize it, right?
APardon me? I don’t understand that.
QThe reality is he used to assault you; is that correct?
THE INTERPRETER: I’m sorry counsel.
Q[STATE] Reality is the defendant used to assault you?
AYes.
There was no other evidence or discussion of this extraneous offense during the
punishment phase, and the State did not mention it during its closing argument. The
jury charge on punishment did not contain an instruction on the burden of proof for
an extraneous offense, although it did contain the general instruction “The burden of
proof in all criminal cases rests upon the State throughout the trial and never shifts
to the defendant.” Appellant did not object to the charge.
Discussion
          In appellant’s sole point of error, he contends he was egregiously harmed
because the district court did not sua sponte instruct the jury at the punishment phase
about the burden of proof for an extraneous offense. It is undisputed that the district
court had a duty to give a burden-of-proof instruction relating to extraneous offenses
admitted during the punishment phase, even though appellant did not object to the
charge. See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000); Rayme v.
State, 178 S.W.3d 21, 24–27 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). The
issue in this case is not error, but whether the harm rises to the level of reversible
error.
          We use the standard of review from Almanza v. State to determine whether this
type of error was harmful. Huizar, 12 S.W.3d at 484–85; Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984 & 1985). An egregious harm is one that
prevents the defendant from having a fair and impartial trial. Almanza, 686 S.W.2d
at 171. Egregious harm results from an error that affects the very basis of the case,
has deprived the defendant of a valuable right, or has vitally affected a defensive
theory. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). The actual
degree of harm must be assayed in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of probative evidence, the
argument of counsel, and any other relevant information revealed by the record of the
trial as a whole. Almanza, 686 S.W.2d at 171.
          Appellant’s claim of egregious harm is that he was deprived of a valuable right. 
Presumably, the deprivation of this right allowed the jury to consider
extraneous-offense evidence without holding it to the beyond-a-reasonable-doubt
burden of proof, resulting in the assessment of a greater punishment than he would
have otherwise received. On appeal, appellant effectively concedes that the only
reference to an extraneous offense was Martha Carreon’s unembellished
acknowledgment that appellant assaulted her. Furthermore, appellant’s complete
harm analysis is, “Harm is evident in the jury’s assessment of a life sentence despite
appellant’s eligibility for probation.”
Jury charge
          In reviewing the entire jury charge, we note that the guilt/innocence charge
provided a full definition of the offense and possible lesser-included offenses for
which the appellant was eligible. The guilt/innocence charge informed the jury that
the State was required to establish the elements of each offense beyond a reasonable
doubt. In the punishment charge, the jury was instructed that the burden of proof
remained with the State throughout the trial.
State of the evidence
          In reviewing all the evidence, we find a possible reference to the extraneous
offense that appellant does not refer to on appeal. Martha Carreon testified at
guilt/innocence that her brother Jose “would worry a lot because he [appellant] would
mistreat me.” In an interpretation most favorable to appellant, this testimony may be
considered an introduction of extraneous offense evidence. However, “mistreat” is
a vague term that can include both legal and illegal acts. The other reference is
Martha’s one-word acknowledgment, “yes,” that appellant assaulted her. The State
neither embellished her testimony, nor did appellant cross-examine her on that issue. 
          The State presented the testimony of five witnesses to prove appellant’s guilt:
two eyewitnesses, two deputy sheriffs, and an assistant Harris County medical
examiner. The only evidence in favor of appellant was his own testimony.
Argument of counsel
          Neither the State nor appellant mentioned the extraneous-offense evidence in
closing arguments.
Other relevant information
          One additional consideration is the punishment assessed by the jury, which was
imprisonment for life. The punishment range for a felony of the first degree is
(1) imprisonment for life or any term of not more than 99 years or less than 5 years
and (2) an optional fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32
(Vernon 2003). Here, the jury chose not to assess a fine. The evidence of appellant’s
guilt was very strong, and the punishment was within the statutory range of
punishment.
          After assaying the actual degree of harm in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative evidence,
the argument of counsel, and any other relevant information revealed by the record
of the trial as a whole, we cannot conclude that appellant was egregiously harmed. 
In his brief, appellant does not cite any cases holding there is egregious harm based
on similar facts, and we know of none. To the contrary, case law exists that
concludes a defendant was not harmed even though the State both (1) relied on
substantial evidence of extraneous conduct during the punishment phase and (2)
argued it had no burden of proof during the punishment phase. See Huizar v. State,
29 S.W.3d 249, 250–51 (Tex. App.—San Antonio 2000, pet. ref’d).
          Accordingly, we overrule appellant’s sole point of error. The district court’s
judgment is affirmed.
 
 
 

                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).