**Alexis LOPEZ, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14-16-00247-CR, NO. 14-16-00248-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 16, 2017

Rehearing Denied April 26, 2017

Bridget Holloway, Houston, TX, for State .

Kenneth E. Goode, Houston, TX, for Appellant.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## OPINION

Marc W. Brown, Justice

Appellant Alexis Lopez brings two issues on appeal: (1) the trial court erred by entering cumulation orders in the written judgments that conflict with the trial court's oral pronouncement of the sentences; and (2) the trial court erred by failing to instruct the jury on the burden of proof, at the punishment phase, regarding extraneous offenses. We reform the trial court's judgments and affirm the judgments as reformed.

## I. BACKGROUND

Appellant was in a dating relationship with the complainant's mother. Appellant, upset with the complainant's mother, sexually assaulted the complainant. The complainant was age 12 at the time of the offense. Appellant was indicted in two cases for aggravated sexual assault of a child under the age of 14. The cases were tried together. A jury found appellant guilty in both cases. Jurors assessed punishment at 20 years' confinement in each case. The trial judge ordered the sentences to run consecutively. Appellant filed a timely notice of appeal.

## II. DISCUSSION

**A. The variance between the oral pronouncement and the judgments does not make the cumulation orders void; the remedy is to reform the judgment.**

In his first issue, appellant contends that the cumulation orders in the judgments are void because they conflict with the trial judge's oral pronouncements of the sentences.

Under article 42.08 of the Code of Criminal Procedure, the trial judge may cumulate or "stack" the sentences for two or more of a defendant's convictions. Tex. Crim. Proc. Code Ann. art. 42.08(a) (West 2015). In each case, the trial judge shall pronounce the judgment and sentence in the same manner as if there had been but one conviction. *Id.* The trial judge should pronounce the sentence orally in open court and in the defendant's presence. *See id.* art 42.03; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The oral pronouncement is memorialized by the trial court's written judgment. Tex. Crim. Proc. Code Ann. art. 42.01 (stating the judgment is "a written declaration of the court signed by the trial judge and entered of record" and reflects defendant's conviction and sentence); *see also id.* art. 42.02 ("The sentence is that part of the judgment ... that orders that the punishment be carried into execution"); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("The written sentence or order simply memorializes [pronouncement] and should comport therewith").

■ If the oral pronouncement of sentence "conflicts" with or varies from the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (using the word "conflict"); *Coffey*, 979 S.W.2d at 328 (using the words "deviation" and "variation"). A variance is "a difference or dis-

parity between two statements or documents that ought to agree." BLACK'S LAW DICTIONARY 1915 (10th ed. 2014).

■ Here, the written judgments reverse the oral pronouncement's sequence of appellant's sentences. The State filed a pre-trial motion to cumulate, stating "the interests of justice would best be served by beginning any sentence in Cause No. 1455786 when the sentence in Cause No. 1455787 has ceased to operate." At sentencing, the trial court orally pronounced appellant's sentences. Initially, the trial court did not state that the sentences would be cumulated. The State reminded the trial court about the pending motion to cumulate. In response, the trial court stated, "And the two sentences will run consecutively." The trial court implicitly granted the State's motion during oral pronouncement. The trial court later entered written cumulation orders, in both judgments, stating "case # 1455787 stacked on case # 1455786," reversing the sequence of the two sentences in the State's motion. In other words, instead of the sentence in case number 1455786 following that in case number 1455787, the judgment ordered that the sentence in case number 1455787 would follow that in case number 1455786. Therefore, there is a variance between the oral pronouncement of sentences and the judgments.

■ Appellant contends that the variance renders the cumulation orders void, and requests that we reform the judgments by deleting the orders. We disagree that the variance makes the orders void. Appellant does not cite, nor have we found, any case where a court voided a cumulation order simply because the written order erroneously reversed the oral pronouncement's sequence of sentences. Indeed, a judgment containing a clerical error will not render a cumulation order void. *See McIntosh v. State*, 686 S.W.2d

759, 763 (Tex. App.–Houston [1st] 1985, no writ) (clerical error in cumulation order did not render it void). "A clerical error is one which does not result from judicial reasoning or determination." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The error here was clerical and not a product of judicial reasoning. Appellant's issue is overruled.

■ We have authority to reform a judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We may reform judgments to correct improper recitations or omissions relating to punishment when the court has the necessary data for reformation. *See* Tex. R. App. P. 43.2(b) (permitting the court of appeals to modify the trial court's judgment); *see also Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986) (reforming insufficient cumulation order). Because the oral pronouncement and the written judgments vary, the solution here is to reform the written judgments to conform to the sentences that were orally pronounced. *Thompson*, 108 S.W.3d at 290; *see also Banks*, 708 S.W.2d at 461–62 (reforming insufficient cumulation order to reflect oral pronouncement).

Accordingly, we reform the trial court's judgments so that the sentence of 20 years' confinement imposed upon appellant for his aggravated-sexual-assault-of-a-child conviction in Cause No. 1455786, from the 248th Criminal District Court of Harris County, begins when the sentence of 20 years' confinement for his aggravated- sexual- assault- of- a- child conviction from the 248th Criminal District Court of Harris County in Cause No. 1455787 has ceased to operate.

**B. A reasonable-doubt instruction was not required in the punishment-phase jury charge.**

In his second issue, appellant contends the trial court erred by failing to sua sponte instruct the jury, during the punishment phase, that the State must prove extraneous offenses beyond a reasonable doubt. Appellant contends that, during the punishment phase, the trial court admitted evidence of the following extraneous-offense acts: (1) appellant's physical and sexual assault on complainant's mother; (2) appellant's threats, made before the incidents, to kill complainant's family; (3) appellant's threats, made during the incident, to kill complainant's family; (4) and appellant's threats to harm complainant's father.

We review a claim of jury-charge error using the two-step procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). We first determine whether there is error in the charge. *See id.*; *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Then, if error is found, we analyze that error for harm. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013). The degree of harm necessary for reversal depends on whether the error was preserved. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). In the absence of a request or objection, as here, jury-charge error does not require reversal unless it causes "egregious harm." *Id.* at 171–72.

Following a finding of guilt, the State or defendant may introduce evidence at the punishment phase of trial in accordance with article 37.07, section 3(a)(1) of the Code of Criminal Procedure. Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a)(1) (West 2015). Section 3(a)(1) permits admission of evidence of the defendant's extraneous offenses or bad acts, notwithstanding rules 404 and 405 of the Texas Rules of Evidence, and provided that the State prove, beyond a reasonable doubt, that the defendant committed those acts.

*Id.* However, section 3(a)(1) permits admission of evidence without the reasonable-doubt standard if the evidence explains the circumstances of the offense for which the defendant is being tried. The relevant portion of section 3(a)(1) states as follows:

... evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

*Id.*

A jury instruction on the reasonable-doubt standard for extraneous offenses is not expressly required. However, the Court of Criminal Appeals has held that a trial court must include the instruction during the punishment phase because it is logically required to enable the jury to properly consider such evidence under the prescribed reasonable-doubt standard. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). A trial court must include the reasonable-doubt instruction even if the defense does not request it. *Id.* at 483–85. The failure to give such an instruction sua sponte can be reversible error when there is egregious harm. *Id.* at 484.

The State argues that the offenses were "same-transaction contextual evidence" and the trial court had no duty to include

the reasonable-doubt instruction in the punishment-phase jury charge. We agree with the State. By its terms, section 3(a)(1)'s reasonable-doubt standard applies only to extraneous offenses, and does not apply to evidence that arises in the "circumstances of the offense for which he is being tried." *See* Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a)(1). Accordingly, this court and other appellate courts have held or noted that a reasonable-doubt instruction is not required for "same-transaction contextual evidence" admitted during the punishment phase. *See Zarco v. State*, 210 S.W.3d 816, 822 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (stating that a reasonable-doubt instruction at the punishment phase is not required for same-transaction contextual evidence); *see also Garza v. State*, 2 S.W.3d 331, 335 (Tex. App.–San Antonio 1999, pet. ref'd) (holding that because same-transaction contextual evidence is not offered as evidence against a defendant, but simply to explain the circumstances of the offense, a reasonable-doubt instruction during the punishment phase is not required).

■ Same-transaction contextual evidence "imparts to the jury information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven." *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). Such evidence is admissible, without a reasonable-doubt instruction, to illuminate the nature of the crime alleged. *See id.* Conversely, an extraneous offense is 'any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers.' " *Zarco*, 210 S.W.3d at 821–22 (quoting *Rankin v. State*, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996)).

Here, the State re-offered the evidence from the guilt phase of trial for the jury's consideration at punishment. During the guilt phase, the complainant's mother testified to appellant's acts that were not in the charging papers. She testified that prior to the day of the assault, appellant "would threaten me, that if he would become aware that I was communicating with the father of my children behind his back, that he was going to kill me." On the day in question, appellant became aware that the complainant's mother was communicating with her ex-husband, and as a result, he demanded to know the ex-husband's phone number. The complainant's mother testified that appellant wanted to know the number so that ultimately, he could hurt her children. When the complainant's mother refused to provide the number, appellant beat her. The complainant subsequently came into the bedroom, where the beating occurred, to help her mother proceed to the bathroom to clean her wounds. Appellant entered the bathroom and ordered the complainant to undress. Appellant renewed his threat to kill complainant's family if she refused. Appellant then sexually assaulted complainant's mother and complainant simultaneously. The State briefly reminded the jury about these acts during its closing argument.

■ The assault against complainant's mother and threats to complainant's family, although separate offenses, imparted to the jury information essential to understanding the context and circumstances of the charged offenses. The evidence explains: (1) appellant's motive for sexually assaulting complainant, (2) why complainant was inside appellant's bedroom moments before he sexually assaulted her, and (3) how complainant was forced into complying with appellant's demands during the sexual assault. Although legally separate offenses, they were blended or interwoven with the charged offenses. *See Camacho*, 864 S.W.2d at 532. Therefore, the evidence at issue is same-transaction

contextual evidence and was not subject to the reasonable-doubt instruction requirement.

We overrule appellant's second issue.

### III. CONCLUSION

We reform the judgments to reflect the oral pronouncements, as set forth above. We affirm the judgment of the trial court as so reformed.