**Affirmed as Modified and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00499-CR

---

### DARIAS TARON LACOUR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1471654**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Darias Taron Lacour of sexual assault. After appellant pled "true" to an enhancement allegation, the trial court sentenced him to ninety-nine years' confinement. On appeal, appellant challenges his conviction, arguing: (1) his trial counsel rendered ineffective assistance by failing to object to the consideration of extraneous offenses; (2) the judgment incorrectly reflects a conviction for aggravated sexual assault in the first degree when he was convicted

of second degree sexual assault; and (2) the court costs assessed for the sheriff's fee for "summoning witness/mileage" is unconstitutional.

We modify the judgment and affirm the judgment as modified.

## I.     Background

In July 2015, appellant was indicted in Harris County, Texas, on a felony charge of sexual assault.  The indictment charged the elements of sexual assault; it listed the charge as "Aggravated Sexual Assault of an Adult." The indictment included an enhancement allegation that appellant had been previously adjudicated of the felony offense of aggravated robbery.

Appellant entered a plea of not guilty and proceeded to trial by jury on June 16, 2017.  The jury found appellant guilty as charged and convicted appellant of sexual assault.  Appellant elected to have the trial court assess punishment.  In the punishment hearing, appellant pled "true" to the enhancement allegation.[1] Additionally, the State called three witnesses to testify regarding extraneous unadjudicated offenses of robbery, theft, and sexual assault.   The trial court sentenced appellant to ninety-nine years' imprisonment.

Appellant filed a timely written notice of appeal.

## II.     Analysis

### A.     Ineffective assistance of counsel claims

In his first issue, appellant contends he received ineffective assistance of trial counsel at the punishment phase because his attorney failed to object to the

---

[1] Appellant further stipulated that he was previously convicted of the felony offense of unauthorized use of a motor vehicle, the misdemeanor offense of assault-bodily injury, the felony offense of theft, and the misdemeanor offense of attempting to flee from a police officer.

consideration of extraneous offenses that were not proved beyond a reasonable doubt.

### 1. Applicable law

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prove a claim of ineffective assistance, an appellant must establish, by a preponderance of the evidence, that (1) his counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and was motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, as here, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Id*. at 483 (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (en banc)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id*.; *accord Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The *Strickland* court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. *Robertson*, 187 S.W.3d at 483 (citing *Strickland*, 466 U.S. at 690).

To that end, we are instructed that, for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez*, 343 S.W.3d at 142. The Texas Court of Criminal Appeals further advises, "[w]hen such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id*. at 143.

In this case appellant did not file a motion for new trial alleging ineffective assistance of counsel or develop a record of counsel's reasons for his actions; the record lacks any direct evidence of counsel's strategy.

## 2. Failure to object to consideration of extraneous offenses at punishment

Appellant seeks a new punishment hearing, claiming his trial counsel was ineffective for failing to object to the consideration of extraneous unadjudicated offenses that were not proven beyond a reasonable doubt.

Under article 37.07, evidence of extraneous crimes or bad acts is admissible during the punishment phase to the extent the trial court determines it is relevant to sentencing. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a). The State is permitted to introduce extraneous offense evidence at punishment if the State proves the extraneous offense or bad act beyond a reasonable doubt. *See id.* "When a trial court, rather than a jury, assesses punishment, the court may consider an extraneous offense in assessing punishment only if it finds that the offense was proven beyond a reasonable doubt." *Smith v. State*, 292 S.W.3d 36, 42–43 (Tex. App.—Houston [14th Dist.] 2006), *aff'd*, 227 S.W.3d 753 (Tex. Crim. App. 2007).

Here, appellant elected to have the trial court assess punishment. The State introduced evidence at the punishment phase of trial that appellant committed the extraneous offenses of robbery, theft, and sexual assault. Appellant's trial counsel did not object to the admissibility of the evidence. Instead, appellant's trial counsel waited until after the State had rested its case during punishment to contest the strength of the State's evidence.

> [MR. RUZZO:] . . . And I'll remind the Court, as you know as a senior district court judge here in Texas, that before you can consider any of these alleged extraneous unadjudicated acts of misconduct, you must be convinced beyond a reasonable doubt that those offenses have been proven to you by credible evidence beyond a reasonable doubt.

5

Appellant's trial counsel then went through each of the extraneous offenses raised, attacking each extraneous offense and opining that it was not nearly enough for the Court to consider as evidence.

The record is silent as to trial counsel's reasoning for not raising an objection to the admissibility of the extraneous offense evidence and requesting a preliminary hearing. Counsel's decision not to object could plausibly have been motivated by legitimate trial strategy. If trial counsel had raised a preliminary objection *prior* to the State resting, the State could presumably have secured additional witness testimony. Additionally, the State provided more than one notice of its intention to introduce evidence of extraneous offenses and bad acts at punishment, which included aggravated robbery, burglary of a building, multiple thefts, multiple sexual assaults, and membership in a gang. The State did not introduce evidence of all the extraneous offenses it could have at the punishment phase of trial. Thus, by waiting until the State rested to attack the State's evidence, appellant's trial counsel precluded the State from introducing additional evidence of the extraneous offenses. Because a conceivable strategic motivation exists for trial counsel's actions, appellant has failed to overcome the strong presumption that counsel provided reasonably professional assistance. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Appellant has failed to overcome the presumption that trial counsel's actions and inactions were part of counsel's trial strategy. Counsel's allegedly improper actions do not amount to an error sufficiently egregious to satisfy the first prong of *Strickland* on a silent record. *See Strickland*, 466 U.S. at 687. As such, appellant fails to meet the first prong of the *Strickland* test.

Appellant's first issue is overruled.

**B.     Modification of judgment**

In his second issue, appellant asserts the judgment should be corrected to reflect that appellant was convicted of sexual assault, rather than aggravated sexual assault. Additionally, appellant maintains that the judgment should be modified to reflect that the degree of the offense is a second degree felony instead of a first degree felony.

### 1.     Judgment of conviction should accurately designate charged offense

"An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citation omitted); *accord Lopez v. State*, 515 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *see also* Tex. R. App. P. 43.2(b). We may modify judgments to correct improper recitations or omissions relating to punishment when the court has the necessary data for modification. *See id.* (permitting the court of appeals to modify the trial court's judgment); *see also Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

The State concedes that the judgment of conviction should be modified to accurately designate the offense as sexual assault.    We note that although the caption of the indictment lists the charged offense as "Aggravated Sexual Assault of an Adult," the actual allegations in the indictment include the elements for sexual assault, not aggravated sexual assault of an adult.    Prior to the commencement of trial, the State announced:

> MS. URREA: And the second matter, Your Honor, with regard to the charge, the defendant is charged with a *second degree sexual assault*. The title of it says aggravated sexual assault, but I just wanted to let

7

the Court know that what we are charging him with and arraigning him on is just a second degree.

THE COURT: All right. The record will so reflect.

(emphasis added). The jury charge reflects the correct offense and appellant was found guilty of sexual assault. The judgment of conviction, however, cites the offense for which appellant was convicted as "aggravated sex assault of an adult."

The record supports modification of the judgment in cause number 1471654 because the judgment does not accurately reflect the offense for which appellant was convicted. Accordingly, we modify the trial court's judgment in cause number 1471654 to omit the reference to aggravated sexual assault of an adult and to reflect appellant's conviction for the offense of sexual assault of an adult.

### 2.      Degree of offense

Next, appellant argues the judgment should be modified to reflect the correct degree of the offense for which he was convicted—*i.e.*, second degree sexual assault. The State argues that the judgment of conviction correctly reflects that the degree of the offense for which appellant was convicted is a first degree felony because it includes an enhancement paragraph. The State maintains that the trial court found the enhancement paragraph to be true; therefore, the State asserts the record does not support appellant's contention that the judgment should be modified to reflect appellant was convicted of a second degree felony.

As set forth above, the State announced prior to the commencement of trial that appellant was charged with "second degree sexual assault." The trial court pronounced that the record would so reflect. While the offense was *punishable* as a first degree felony due to an enhancement paragraph of a felony offense of aggravated robbery with serious bodily injury, the degree of offense remained a second degree felony. *See Olivia v. State*, 548 S.W.3d 518, 526–27 (Tex. Crim.

App. 2018). An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Id*. Here, the judgment incorrectly reflects that the "Degree of Offense" as a "1ST DEGREE FELONY." Accordingly, we modify the judgment of the trial court to reflect the degree of the offense as a second degree felony.

Appellant's second issue is sustained.

In sum, we modify the judgment to omit references to the incorrect offense (aggravated sexual assault of an adult) and degree of offense (first degree) and to reflect the correct offense (sexual assault of an adult) and the correct degree of offense (second degree felony).

## C. Court costs

In his third issue, appellant argues "[t]he Sheriff's fee of $165 for summoning witness/mileage is unconstitutional as the First Court of Appeals found in *Allen v. State*, ___S.W.3d __, 2017 WL 5712602 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet. h.)." Appellant complains that the "Summoning Witness/Mileage Fee" ordered to be collected from him as a court cost pursuant to Texas Code of Criminal Procedure article 102.011(a)(3) and (b) is facially unconstitutional and violates the Separation of Powers Clause of the Texas Constitution. *See* Tex. Const. art. II, § 1.

This Court recently considered, and rejected, a substantially similar constitutional challenge. *Lopez v. State*, No. 14-17-00205-CR, ___S.W.3d___, 2018 WL 6684242, at **8–9 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet. h.) (concluding Tex. Code Crim. Proc. art. 102.011(a)(3) and (b) are facially constitutional)).[2] This court concluded that the sheriff's fee for summoning

---

[2] *See also Allen v. State*, No. 01-16-00768-CR, ___S.W.3d___, 2018 WL 4138965, at **8–9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. granted) (op. on reh'g) (rejecting

witnesses and for related mileage is facially constitutional because "the sheriff's fee is an actual recoupment of the out of pocket expenses incurred for summoning witnesses and for associated mileage." *Id*., at \*9. The *Lopez* court held that Lopez "has not met his burden to show that the sheriff's fees collected under the statute cannot be used for legitimate criminal justice purposes in all possible circumstances." *Id*.

Applying this court's binding precedent in *Lopez*, we conclude appellant has not met his burden to show that the sheriff's fee for summoning witness/mileage collected under the statute cannot be used for legitimate criminal justice purposes in all circumstances.[3] *See Lopez*, ___S.W.3d___, 2018 WL 6684242, at \*9.

Appellant's third issue is overruled.

---

argument that article 102.011(a)(3) and (b) [summoning witness/mileage fees] are facially unconstitutional because they violate Texas Constitution's separation-of-powers clause). Appellant's brief was filed prior to the First Court of Appeals issuing its opinion on rehearing. *See id*. Following *Allen*, the First Court of Appeals has found court costs facially constitutional. *See Hines v. State*, No. 01-16-01017-CR, ___S.W.3d___, 2018 WL 5831075, at \*6 (Tex. App.—Houston [1st Dist.] Nov. 8, 2018, no pet. h.); *Payne v. State*, No. 01-16-00977-CR, 2018 WL 4190047, at 5–6 (Tex. App.—Houston [1st Dist.] Aug. 31, 2018, no pet. h.).

[3] Similarly, this Court has overruled facial constitutional challenges to other fees imposed by the Texas Code of Criminal Procedure. *See Johnson v. State*, No. 14-18-00273-CR, ___S.W.3d___, 2019 WL 438807, at \*\*1–8 (Tex. App.—Houston [14th Dist.] Feb. 5, 2019, no pet. h.); *Jackson v. State*, No. 14-17-00511-CR, ___S.W.3d ___ , 2018 WL 6695809, at \*\*3–7 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet. h.) (statutes imposing court costs for district attorney's fee, jury's fee, and sheriff's fee are facially constitutional); *Moliere v. State*, No. 14-17-00594-CR, ___S.W.3d ___ , 2018 WL 6493882, at \*\*4–8 (Tex. App.—Houston [14th Dist.] Dec. 11, 2018, no pet. h.) (statutes imposing district attorney fee and court clerk fee facially constitutional); *Johnson v. State*, No. 14-16-00658-CR, ___S.W.3d___, 2018 WL 4925456, at \*\*3–9 (Tex. App.—Houston [14th Dist.] Oct. 11, 2018, no pet. h.) (op. on reh'g) (assessing jury fee facially constitutional).

## III. Conclusion

The judgment, as modified, is affirmed.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant.

Do Not Publish—Tex. R. App. P. 47.2(b).