# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00775-CR

---

**Thomas Ritchie McBride, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 76454, THE HONORABLE ALAN MAYFIELD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Thomas Ritchie McBride appeals his jury conviction of burglary of a habitation, enhanced by two prior felony convictions, and sentence of 99 years' imprisonment imposed after McBride received a new punishment hearing following his first appeal. *See* Tex. Penal Code §§ 12.42(d); 30.02(a)(3), (c)(2); *see McBride v. State*, No. 03-17-00271-CR, 2019 Tex. App. LEXIS 1005, at *5-7 (Tex. App.—Austin Feb. 13, 2019, no pet.) (mem. op., not designated for publication). In this second appeal, McBride presents five issues challenging the enhancement allegations in his indictment and in the charge on punishment. We will affirm the judgment of conviction.

## BACKGROUND[1]

In 2017, a jury convicted Thomas Ritchie McBride of burglary of a habitation, enhanced by two prior felony convictions, and assessed punishment at 99 years' imprisonment. The district court rendered judgment on the jury's verdict. In 2019, we affirmed McBride's conviction but reversed the punishment portion of the judgment and remanded the cause for a new punishment hearing after concluding that there was insufficient evidence showing the finality of a 1984 conviction used for enhancement purposes and that this error was not harmless. *McBride*, 2019 Tex. App. LEXIS 1005, at *5-7.

McBride acted pro se with standby counsel during the new punishment hearing. Ultimately, the jury found two prior felony convictions to be true and again assessed McBride's punishment at 99 years' imprisonment. The district court rendered judgment on the verdict. This appeal followed.

## DISCUSSION

In this appeal, McBride presents five issues contending that: (1) the State relied on a void judgment—a 1984 conviction for burglary of a habitation in Bell County Cause Number 32,729—to enhance his conviction; (2) the charge on punishment did not instruct the jury to find the enhancement allegations true only if it found "sequential finality" of the prior convictions; (3) the verdict forms suggested only a habitual-offender or repeat-offender verdict

---

[1] We provide only a brief background because there is no challenge to the sufficiency of the evidence presented during the punishment hearing and a detailed recitation of the facts underlying McBride's conviction is unnecessary to our disposition of his appellate issues. *See* Tex. R. App. P. 47.1 (requiring issuance of opinion that is brief as possible but addresses every issue raised and necessary to final disposition of appeal); *see Newman v. State*, No. 03-19-00252-CR, 2020 Tex. App. LEXIS 8382, at *2 n.1 (Tex. App.—Austin Oct. 21, 2020, no pet.) (mem. op.) (not designated for publication) (summarizing background briefly when there was no challenge to sufficiency of evidence).

and there were not separate verdict forms for a finding of "not true" on each enhancement count alleged in the indictment; (4) the district court erred by not providing a sua sponte limiting instruction as to the jury's consideration of extraneous offenses; and (5) the district court erred by not affording McBride an opportunity to comment on the proper response to a jury's note. None requires reversal for another punishment hearing.

**Void Judgment**

McBride contends that his 1984 judgment of conviction for burglary of a habitation is void because its discussion of the jury's verdict does not recite whether the jury found enhancement allegations "true" or "not true."[2]  McBride further contends that he may raise this contention for the first time on appeal.

Items that should be reflected in a judgment are listed in article 42.01 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. art. 42.01, § 1; *Martinez v. State*, 427 S.W.3d 496, 499 (Tex. App.—San Antonio 2014, no pet.).  The list in article 42.01 does not require that a judgment include specific findings as to punishment-enhancement allegations.  *Cf.* Tex. Code Crim. Proc. art. 42.01, § 1; *see Thorn v. State*, No. 01-13-00906-CR, 2014 Tex. App. LEXIS 7643, at *17 (Tex. App.—Houston [1st Dist.] July 15, 2014, pet. ref'd) (mem. op., not designated for publication) (noting that "trial court is not required to make specific findings regarding punishment enhancement allegations" in its written judgment); *Walls v. State*, No. 06 04-00009-CR, 2004 Tex. App. LEXIS 5704, at *11 (Tex. App.—Texarkana June 29, 2004, no pet.) (mem. op., not designated for publication) ("Article 42.01 does not require that the

---

[2] Relying on a reference to the verdict in the judgment, McBride complains that the jury "failed to determine whether the state's special pleas of repeat offender w[ere] either true or not true."

judgment include specific findings regarding the punishment enhancement allegations in the indictment.").[3] We conclude that McBride's 1984 judgment of conviction is not void for lack of recitations about the enhancement-allegation findings. *Cf.* Tex. Code Crim. Proc. art. 42.01, § 1. Further, because the judgment is not void, McBride had to raise an objection in the trial court to preserve his appellate complaint about a perceived omission from the judgment. *See* Tex. R. App. P. 33.1(a). His failure to make that objection below forfeits his complaint here. We overrule McBride's first issue.

**Lack of "Sequential Finality"**

McBride contends for the first time on appeal that the charge on punishment did not instruct the jury to find the enhancement allegations true only if it found "sequential finality" of the prior convictions. *Cf. Vidales v. State*, 474 S.W.3d 274, 283 (Tex. App.—Amarillo 2015, pet. ref'd) (remanding cause for new punishment hearing where State conceded error and nothing in charge instructed jury as to sequential requirement); *see Vidales v. State*, 471 S.W.3d 457, 458 (Tex. Crim. App. 2015) (reinstating May 2015 judgment and opinion from court of appeals and ordering withdrawal of their July 2015 judgment and opinion, noting that latter were issued after filing of petition for discretionary review in Court of Criminal Appeals). We review a complaint of jury-charge error in two steps: first, we determine whether error exists, and if so, we consider whether sufficient harm resulted from the error requiring reversal. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

_____

[3] Further, as we will discuss in response to McBride's third issue, the jury's completed verdict form incorporated the enhancement allegations in McBride's indictment, and McBride testified that he was convicted of both prior offenses.

Because McBride did not raise his "sequential finality" objection with the district court, any jury-charge error will not require reversal of his conviction without a showing of egregious harm. *See Price*, 457 S.W.3d at 440.

"Egregious harm is a 'high and difficult standard' to meet, and such a determination must be 'borne out by the trial record.'" *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (quoting *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). Jury-charge error is considered egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *State v. Ambrose*, 487 S.W.3d 587, 597 (Tex. Crim. App. 2016). In assessing whether egregious harm exists, we consider the entire jury charge; the state of the evidence, including contested issues and the weight of the probative evidence; counsel's arguments; and any other relevant information revealed by the entire trial record. *Id.* at 598; *Almanza*, 686 S.W.2d at 171. No such egregiously harmful error is shown here.

The Penal Code authorizes enhancement of punishment for a defendant tried for a felony who is shown to have had two prior sequential felony convictions, where the second one is for an offense that occurred after the first one became final:

> If it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code § 12.42(d). This statute applies in the following chronological sequence of events: (1) the first conviction becomes final; (2) the offense leading to a later conviction is

committed; (3) the later conviction becomes final; and (4) the offense for which defendant presently stands accused is committed. *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008).

Here, the charge on punishment addressed the sequential requirement in the instructions on the enhancement paragraphs of the indictment, but the charge did not require a specific finding about proper sequencing of the prior convictions in the "charging paragraph" of the instruction. The district court's charge on punishment stated:

> In Paragraph Two (2) of the indictment it is alleged that the defendant was convicted on the 12th day of June, A.D. 1984 in the 27th District Court of Bell County, Texas in Cause Number 32,729, for the felony offense of Burglary of a Habitation with the Intent to Commit Theft, *which said conviction has become a final conviction prior to the commission of the offense for which he has previously been convicted.*[4]

> In Paragraph Three (3) of the indictment it is alleged that the defendant was convicted on the 5th day of December, A.D 1979 in the 27th District Court of Bell County, Texas in Cause Number 28,276 for the felony offense of Burglary of a Building *which said conviction has become a final conviction prior to the commission of the offense in Paragraph Two (2) and prior to the commission of the offense for which he was previously convicted.*

(Emphases added). The district court then instructed the jury that if it found beyond a reasonable doubt that McBride is the same person who was convicted of the felony offense "*alleged in Paragraph Two (2) of this indictment*" and found beyond a reasonable doubt that he was the same person who was convicted of the felony offense "*alleged in Paragraph Three (3) of this*

---

[4] The primary offense in this cause was referred to as the offense for which McBride had been "previously convicted" because this was a new hearing as to punishment only and because the district court instructed the jury that McBride had been "previously found guilty of the 2nd degree felony offense of Burglary of a Habitation" and that it was the jury's duty "to affix punishment."

*indictment*," the jury would assess punishment for a term of years not more than 99 or less than 25 years or life.

Next, the district court instructed the jury that if it did not find beyond a reasonable doubt that McBride was the same person who was convicted in both cases or if it had a reasonable doubt thereof, but the jury found that McBride had been convicted of one of those felonies, which became final before the commission of the offense that a jury found McBride guilty of, then the range of punishment would be not more than 99 or less than 5 years or life, and could include a fine of up to $10,000. Alternatively, if the jury did not find beyond a reasonable doubt that McBride had committed either one of the prior felony convictions alleged in the indictment, or had a reasonable doubt thereof, the punishment range would be not more than 20 or less than 2 years and could include a fine of up to $10,000.

After considering the options in the charge on punishment, the jury found that:

> **THOMAS RITCHIE MCBRIDE**, having been found Guilty of the felony offense of Burglary of a Habitation, we, the Jury, in sentencing, find that the said defendant is the same person, who, prior to the commission of that offense, had been convicted of the felony offense of Burglary of a Habitation with Intent to Commit Theft as alleged in Paragraph Two (2) of the indictment and the felony offense of Burglary of a Building as alleged in Paragraph Three (3) of the indictment and we assess his punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for:
>
> A term of <u>99</u> (25 to 99) years[.]

Based on the instructions in the complained-of charging paragraph, for the jury to find both enhancement paragraphs true—as it did—the jury necessarily had to find beyond a reasonable doubt that McBride was the same person who was convicted of the felony offense "*alleged in Paragraph Two (2) of this indictment*" and find beyond a reasonable doubt that

7

McBride was the same person who was convicted of the felony offense "*alleged in Paragraph Three of this indictment*." The district court read the charge on punishment to the jury and admitted into evidence the 1984 judgment of conviction for Burglary of a Habitation with the Intent to Commit Theft, committed in 1984, and the 1979 judgment of conviction for Burglary of a Building. Although the 1984 judgment contains a notation reflecting that McBride gave notice of appeal in open court on June 12, 1984, the district court admitted into evidence a copy of our mandate issued on May 8, 1985, affirming that conviction on appeal and making it final. The 1979 judgment of conviction is presumed final in the absence of evidence in the record to the contrary. *See Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007) ("Once the State provides prima facie evidence of an enhancement conviction, 'this Court will presume that a conviction is final when faced with a silent record regarding such.'" (quoting *Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990))). No evidence rebutting the finality of the 1979 conviction was admitted, and, unlike the 1984 judgment, the 1979 judgment contained no notation reflecting that McBride had appealed that conviction. Thus, the evidence presented to the jury during punishment constituted some evidence showing that the second prior felony conviction—the 1984 conviction that became final in 1985—was for an offense that occurred after the first prior felony conviction—the 1979 conviction—had become final.

On this record, we conclude that McBride failed to meet his burden of showing that the lack of an instruction in the charging paragraph addressing the "sequential finality" of the prior convictions egregiously harmed him. *See Ambrose*, 487 S.W.3d at 597-98; *see also Rice v. State*, 746 S.W.2d 356, 361 (Tex. App.—Fort Worth 1988, pet. ref'd) (concluding that defendant was not egregiously harmed by any error in charge or verdict forms "in light of the uncontroverted evidence showing that the allegations of each enhancement paragraph were

8

true"); *Jones v. State*, No. 05-15-01399-CR, 2017 Tex. App. LEXIS 2078, at *6-7 (Tex. App.—Dallas Mar. 9, 2017, no pet.) (mem. op., not designated for publication) (concluding that defendant was not egregiously harmed by lack of instruction requiring "sequential finality" of prior convictions because evidence admitted at punishment showed proper sequencing of convictions and there was no evidence to contrary). We overrule McBride's second issue.

**Verdict Forms**

McBride complains in his third issue that: (1) the verdict forms had "a suggestive nature" that was "calculated to benefit the State" by producing only a habitual-offender or repeat-offender verdict and (2) there were not separate verdict forms for a finding of "not true" on each enhancement count alleged in the indictment. Because McBride made no objection to the trial court's verdict forms, his complained-of error will not require reversal of the conviction unless egregious harm is shown. *See Price*, 457 S.W.3d at 440; *cf. Nevarez v. State*, 832 S.W.2d 82, 86 (Tex. App.—Waco 1992, no pet.) (noting that "there was a proper objection" from defense counsel and adverse ruling from trial court as to omitted verdict form).

Significantly, McBride testified during the punishment hearing that he was convicted of both prior offenses:

> [Prosecutor]: Were you convicted June 12, 1984, in the 27th District Court in Bell County for the offense of Burglary of a Habitation?
>
> [McBride]: Yes, I was.
>
> [Prosecutor]: And were you convicted on December 5, 1979, in the 27th District Court in Bell County for the offense of Burglary of a Building?
>
> [McBride]: Yes, I was.

9

When the "pen packets" for the prior convictions were offered, McBride's only objection was to the date listed on a rolled-fingerprint card that was used to compare his known fingerprints with those on the prior-conviction exhibits. The State argued that all the fingerprints came from the same person, McBride. McBride argued that the rolled-fingerprint card was "false evidence." However, McBride acknowledged that fingerprints do not change over time: "[t]hey remain permanent from birth to death." McBride's testimony, along with the 1984 and 1979 judgments of conviction admitted into evidence, provided proof that both enhancement allegations were true.

At the end of the punishment hearing, the district court provided the jury with three alternative verdict forms. The first verdict form stated:

> The defendant, **THOMAS RITCHIE McBRIDE**, having been found Guilty of the offense of Burglary of a Habitation, we, the jury, in sentencing, find that the said defendant is the same person, who, prior to the commission of that offense, had been convicted of the felony offense of Burglary of a Habitation with Intent to Commit Theft as alleged in Paragraph Two (2) of the Indictment and the felony offense of Burglary of a Building as alleged in Paragraph Three (3) of the indictment and we assess punishment at confinement in the Texas Department of Criminal Justice–Institutional Division for:
>
> A term of _____ (25 to 99) years or LIFE in the Texas Department of Criminal Justice Institutional Division.
>
> (Either fill in a number of years or circle "LIFE" but not both).

The jury chose to complete this form by entering a term of 99 years, and the foreman signed the verdict. This verdict form incorporated the enhancement allegations in paragraphs two and three of the indictment.

The second verdict form would have allowed the jury to assess punishment of imprisonment for not more than 99 and not less than 5 years or life, plus an optional fine of up to

10

$10,000, if it had found that McBride was a "repeat offender"; that is, the same person who had been previously convicted of only either one of the prior felony convictions alleged in the indictment, but not both. *See* Tex. Penal Code § 12.42(b) (providing that on trial of second-degree felony offense, if it is shown that defendant was previously convicted of felony other than state-jail felony, that offense is punishable as first-degree felony); *see also id.* § 12.32 (establishing punishment range for first-degree felony at imprisonment for life or 5 to 99 years and fine of up to $10,000). By contrast, if the jury had found that McBride committed neither of the previous convictions alleged or if it had reasonable doubt about each of those two convictions, the third verdict form would have allowed the jury to assess punishment of imprisonment for not less than 2 nor more than 20 years plus an optional fine of up to $10,000 for only the second-degree-felony offense of burglary of a habitation. *See id.* §§ 12.33 (establishing punishment range for second-degree felony at imprisonment for two to twenty years and fine of up to $10,000), 30.02(c)(2) (defining offense of burglary).

The verdict forms that the district court provided in its charge included all three punishment options available to the jury in this case, not merely a choice between habitual-offender and repeat-offender verdicts, as McBride contends. Those verdict forms did not allow assessment of enhanced punishment as a habitual offender or as a repeat offender unless the jury had first found beyond a reasonable doubt that McBride had been convicted of both, or one of, the prior felony offenses alleged in the indictment and defined in the district court's charge on punishment. Contrary to McBride's contentions, nothing shows that the verdict forms had "a suggestive nature" that was "calculated to benefit the State."

Given the entire charge on punishment, the arguments made during the punishment hearing, and the weight of the probative evidence showing that both enhancement

11

allegations were true—including the judgments of conviction and McBride's acknowledgements that he was convicted of both prior felony offenses and that his fingerprints did not change over time—we conclude that McBride was not egregiously harmed by any error in the verdict forms. *See Ambrose*, 487 S.W.3d at 598; *Almanza*, 686 S.W.2d at 171; *see also Rice*, 746 S.W.2d at 361 (concluding that defendant was not egregiously harmed by any error in charge or verdict forms "in light of the uncontroverted evidence showing that the allegations of each enhancement paragraph were true"). We overrule McBride's third issue.

**Lack of Sua Sponte Instruction on Extraneous Offenses**

McBride contends that district court erred by not giving sua sponte an instruction as to the jury's consideration of extraneous offenses. During the punishment phase of trial, the defendant and the State may offer evidence of any matter relevant to sentencing under subsection 3(a)(1) of article 37.07 of the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 37.07, § 3(a)(1). This statute addresses the admissibility of evidence during the punishment phase of non-capital cases and provides that:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act[.]

*Id.* An instruction requiring proof beyond a reasonable doubt of an extraneous offense is necessary "if the jury is to consider extraneous-offense and bad-act evidence under the statutorily prescribed reasonable-doubt standard." *Huizar v. State*, 12 S.W.3d 479, 483-84 (Tex. Crim.

App. 2000). "By its terms, section 3(a)(1)'s reasonable-doubt standard applies only to extraneous offenses and does not apply to evidence that arises in the 'circumstances of the offense for which [the defendant] is being tried.'" *Lopez v. State*, 515 S.W.3d 547, 552 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (citing Tex. Code Crim. Proc. art. 37.07, § 3(a)).

McBride asserts that a section 3(a)(1) instruction was required concerning evidence that he: (1) "fired a firearm multiple times at the [persons] of Henry Jones and Jorge Sanchez II on June 12th, 2015 in the act of committing burglary of a habitation"; and (2) "had a loaded firearm in his possession at the time of his apprehension by police on June 12th, 2015." (alteration in original). However, these were not "extraneous offenses"; instead, they were same-transaction-contextual evidence of the burglary-of-a-habitation offense that was at issue in the punishment hearing.

Same-transaction-contextual evidence provides the jury with information essential to understanding the context and circumstances of the events that, although legally separate offenses, are blended or interwoven with the offense being tried and illuminates the nature of the crime. *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993); *see also Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (noting that "[e]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence"). By contrast, extraneous offenses are acts of misconduct, regardless of whether they result in prosecution, that are not shown in the charging instrument. *Lopez*, 515 S.W.3d at 552. "Same transaction contextual evidence is admissible without a limiting instruction" from the trial court. *Castaldo v. State*, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002) (citing *Camacho*, 864 S.W.2d at 532); *see*

*Lopez*, 515 S.W.3d at 552 (holding that reasonable-doubt instruction is not required for 'same-transaction contextual evidence' admitted during punishment phase).

McBride acknowledges that he fired the shots at the two people during his act of committing the burglary of a habitation, which was the offense addressed in the punishment hearing. The evidence showed that when two neighbors approached the back door of the habitation while the burglary was in progress, two shots were fired from the residence in the neighbors' direction. Additionally, the evidence showed that police located McBride as he fled the scene, shortly after he had fired shots at the neighbors. When police apprehended McBride, he had a loaded handgun in his right rear pocket. This evidence was part of the events surrounding the burglary-of-a-habitation offense that was the subject of the punishment hearing and was necessary for the jury to fully understand the context and circumstances of that offense. Because it was same-transaction-contextual evidence, an article 37.07, subsection 3(a)(1) instruction was unnecessary, and the lack of that instruction from the district court was not error. *See Castaldo*, 78 S.W.3d at 352; *Camacho*, 864 S.W.2d at 532; *Lopez*, 515 S.W.3d at 552; *see also Arroyo v. State*, No. 03-18-00703-CR, 2020 Tex. App. LEXIS 7939, at *19-20 (Tex. App.—Austin Sept. 30, 2020, no pet.) (mem. op., not designated for publication) (noting that "same transaction contextual evidence admitted or used during the punishment phase does not require a reasonable-doubt instruction under section 3(a)(1) of article 37.07 nor does the trial court err in failing to give such an instruction sua sponte"). We overrule McBride's fourth issue.

**Lack of Opportunity to Comment on Court's Response to Jury's Note**

In his fifth and final issue, McBride contends for the first time on appeal that the district court erred by not affording him an opportunity to comment on the proper response to a

jury note sent during deliberations. The note asked the district court, "What's the difference between 99 years or life? Is there a number for life?" After reading the note aloud while court was in session and in the presence of the parties, the district court said, "I am going to send an answer back to the jury that reads: 'To the Jury, please follow the instructions I have previously given you. I cannot give you further instructions with regard to your question at this time. Alan Mayfield.'" Neither party presented any comment or objection to the district court's statement.

Article 36.27 of the Code of Criminal Procedure addresses a trial court's instructions or answers to jury questions after the jury has started deliberations:

> The court shall answer any such communication [from the jury] in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

Tex. Code Crim. Proc. art. 36.27. McBride now complains of the missed opportunity to comment on the court's answer to the jury's note, but he failed to preserve any error in that regard without an objection below. *See* Tex. R. App. P. 33.1(a); *Word v. State*, 206 S.W.3d 646, 652 (Tex. Crim. App. 2006) (concluding that because record did not show that trial court failed to notify defendant of jury questions or that defendant objected to trial court's answers to those questions, defendant procedurally defaulted on any claimed article 36.27 violation and any complaint about trial court's answers to jury's questions); *Nichols v. State*, 500 S.W.2d 158, 159 (Tex. Crim. App. 1973) (concluding that "no error was presented" when defendant made no

15

objection to either substance of trial court's answers to jury question or procedure used in doing so).  We overrule McBride's fifth issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Triana

Affirmed

Filed:   October 28, 2021

Do Not Publish