**Affirmed as Modified and Opinion filed August 27, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00167-CR

**CESAR AUGUSTO TRIANA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1721742**

# OPINION

A jury found appellant Cesar Augusto Triana guilty of indecency with a child by contact and assessed his punishment at imprisonment for 16 years. Tex. Penal Code Ann. §§ 21.11(a)(1); 12.33(a) (felony of second degree). In two issues, appellant argues that the trial court erred by: (1) not including an instruction to the jury during punishment that it could not consider extraneous sexual offenses

introduced by the State unless the State proved them beyond a reasonable doubt and (2) incorrectly assessing consolidated court costs.

Although appellant was entitled to a reasonable-doubt jury instruction as to consideration of extraneous-offense evidence during the punishment phase of trial, appellant was not egregiously harmed by the trial court's omission. With respect to the court costs, we modify the judgment to correct the consolidated court costs and as so modified, affirm.

Further, in consideration of our jurisdiction, we hold that the trial court's failure to pronounce a $100 fine imposed by operation of law did not deprive appellant of notice. Tex. Code Crim. Proc. Ann. art. 102.0186. Therefore, this court has jurisdiction over the appeal.

## I.  BACKGROUND

The State presented evidence that appellant, then complainant's stepfather, touched complainant's vagina when she was six-, nine-, and 13-years old. In 2020, complainant made an outcry to her biological mother and stepmother when she was 13-years old.

Although he was charged with one instance of indecency with a child, the trial court permitted testimony by complainant not only of the charged offense, but also of extraneous offenses that included repeated sexual contact from appellant over the course of several years. Complainant testified that appellant would regularly enter her room when her mother was not home and insert his fingers into her vagina or touch her body under her clothes. She also testified that when she was 13-years old appellant attempted to put his penis in her mouth.

## II.  JURISDICTION

We first address our own jurisdiction over this appeal. After the jury verdict was read, the trial court pronounced sentence stating: "[A]t this time I sentence you

2

to 16 years in the Texas Department of Criminal Justice and remand you to the custody of the sheriff." The jury did not assess any discretionary fine permitted by Penal Code section 12.33. Tex. Penal Code Ann. § 12.33. However, the judgment of conviction includes a $100 fine, added by operation of law. *See* Tex. Code Crim. Proc. Ann. art. 102.0186.

The court of criminal appeals held in 2003 that a trial court's failure to orally pronounce sentence means there is no judgment and no "conviction" that can be appealed. *Thompson v. State,* 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).[1] This court has followed *Thompson* concluding that we lacked subject-matter jurisdiction over a defendant's attempted appeal based on the trial court's failure to pronounce the sentence in the defendant's presence. *Meachum v. State*, 273 S.W.3d 803, 805–06 (Tex. App.—Houston [14th Dist.] 2008, order).[2]

The trial court is required to pronounce sentence in defendant's presence. Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a). As a general rule, when the oral pronouncement of a sentence and the written judgment vary, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Lopez v. State*, 515 S.W.3d 547, 549 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). And the authority for courts of appeal to correct such errors in the judgment (a judgment nunc pro tunc)—without either (1) preservation of error in the trial court

---

[1] Assuming the *Marin* classification applies to subject-matter jurisdiction, then it is category one. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("Thus, our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request."); *see Proenza v. State*, 541 S.W.3d 786, 795 (Tex. Crim. App. 2017) (fundamental errors in criminal appeals are simply category-one and -two *Marin* errors).

[2] *See also* 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 56:32 (3d ed. 2011 & Supp. 2023) (discussing "Need for record to reflect imposition of sentence" as well as statutory history); *Id.* § 56:34 (requirement of proper "sentence").

(Texas Rule of Appellate Procedure 33.1(a)) or (2) presentation of an issue or point of error in the brief on appeal (Texas Rule of Appellate Procedure 38.1(f))—derives from our duty to modify the judgment to "make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (Onion, J., retired presiding judge of Court of Criminal Appeals, sitting by designation and writing en banc court's opinion); Tex. R. App. P. 33.1(a), 38.1(f). In a criminal case, Texas Rule of Appellate Procedure 43.2(b) functions in part as a means for the appellate court to render judgment nunc pro tunc when the written judgment does not reflect what occurred in open court at trial. Tex. R. App. P. 43.2(b).

However, this case does not present a situation in which no sentence was orally pronounced in the defendant's presence in open court. The trial court pronounced all but the statutorily required fine. The court of criminal appeals has held that when "[t]he jury's verdict imposed a lawful fine within the permissible statutory range, and its verdict was read aloud in court in [defendant's] presence," the fine may be properly imposed despite the trial judge's failure to orally pronounce it. *Ette v. State*, 559 S.W.3d 511, 515–17 (Tex. Crim. App. 2018). Because the $100 fine is statutorily required and failure to impose the statutory fine would result in an illegal sentence, we hold that the lack of pronouncement of sentence in open court of the required $100 fine in this case does not implicate the due-process and due-course-of-law notice issues that would occur if a discretionary fine were neither (1) assessed and read aloud in court, nor (2) orally pronounced in open court as part of the sentence. Although the trial court erred in not pronouncing the statutory fine, the error was harmless and does not deprive this court of subject-matter jurisdiction

4

over the appeal.[3]

## III.   ANALYSIS

## A.   Jury-charge error

In issue 1, appellant argues the trial erred by failing to instruct the jury sua sponte regarding the standard of proof applicable to extraneous offenses and bad acts in the punishment phase of trial.

### 1.   Standard of review

A review of alleged jury-charge error involves a two-step analysis. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). First, we must determine whether the charge contains any actual error; second, if there is actual error, we must determine whether the error resulted in sufficient harm to require reversal. *Ngo*, 175 S.W.3d at 744; *Abdnor*, 871 S.W.2d at 731–32. If the defendant preserved the error by timely objecting to the charge, an appellate court will reverse so long as the defendant demonstrates that he suffered some harm. *Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). By contrast, if a defendant does not properly preserve error by objection, any error in the charge "should be reviewed only for 'egregious harm' under *Almanza*." *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984 & 1985)).

### 2.  Applicable law

Code of Criminal Procedure article 37.07, section 3(a)(1) provides,

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the

---

[3]Our holding here modifies this court's precedent in *Meachum* regarding statutorily required fines that are not pronounced in open court.

defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). Because "Article 37.07 is 'the law applicable' to all non-capital punishment proceedings[,] . . . the trial judge must sua sponte instruct the jury at the punishment phase concerning that law, including the fact that the State must prove any extraneous offenses beyond a reasonable doubt." *Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007); *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000); *see also* Tex. Code Crim. Proc. Ann. art. 36.14 (trial court shall include in jury charge "the law applicable to the case"). The trial court has the responsibility to provide a reasonable-doubt instruction sua sponte. *See Huizar*, 12 S.W.3d at 483–84.

### 3. Harm analysis

The trial court did not include a reasonable-doubt instruction as to consideration of extraneous-offense evidence in the punishment charge. Therefore, the trial court erred.

Having found charge error, we next analyze whether the error caused appellant to suffer egregious harm. "An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). "To be reversible, any unpreserved jury-charge error must result in egregious harm which affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Olivas v. State*,

6

202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citation and internal quotation marks omitted). In *Almanza*, the court of criminal appeals outlined four factors that reviewing courts should consider when determining whether a jury-charge error resulted in egregious harm: "[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

*The entire jury charge*

First, we consider the entire jury charge. The punishment charge did not include an instruction about the State's burden of proof regarding extraneous-offense evidence. However, the guilt-innocence charge did contain a correct instruction as to the burden of proof for consideration of extraneous-offense evidence. The punishment charge also included the following instruction: "The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant." The jury was further instructed that they "may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge."

We conclude the lack of a specific burden-of-proof instruction on extraneous-offense evidence in the punishment charge is a consideration that weighs neither for nor against the conclusion that appellant suffered egregious harm. *See Loge v. State*, 550 S.W.3d 366, 384 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (lack-of-reasonable-doubt instruction in punishment phase not egregious harm when "the charge generally told the jury that the State had the burden of proof throughout the trial"); *Cf. Zarco v. State*, 210 S.W.3d 816, 827 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (no egregious harm in absence of reasonable-doubt instruction

although no new evidence was received in punishment phase).

### *The state of the evidence*

Next, we evaluate the state of the evidence. In determining whether the charge error caused actual harm, we consider whether the extraneous evidence received during the punishment phase was "clear, strong, direct and unimpeached" such that the jury charge "would not have made a difference in how the jury considered the evidence." *Martinez v. State*, 313 S.W.3d 358, 368 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

At the guilt-innocence phase of the trial, the State introduced testimonial evidence from complainant, who described how appellant repeatedly sexually abused her. This testimony was consistent with statements she made to her stepmother, forensic interviewer, and pediatric nurse. The forensic interviewer stated that complainant was certain about what had happened to her and that she did not appear to be coached. Appellant did attempt to impeach her by highlighting the inconsistency of her pretrial statement that the abuse began when she was about 8- or 9-years old and what she testified to at trial, which is that she was 6-years old when the abuse began. These contradictory statements were mitigated by the testimony of the forensic interviewer for this case, who testified that it was rare for a child to give a specific age for when the abuse occurred.

Appellant presented one witness in the guilt-innocence phase, his nephew; however, that testimony did not contradict or challenge complainant's testimony. Rather, appellant's nephew testified that he lived with appellant on three occasions for a period approximating 16-months total. However, the sexual abuse took place over a period of seven years, and appellant's nephew did not sleep in the same room as complainant, nor was he in appellant's bedroom in the mornings. Although he testified that he did not witness anything inappropriate while he lived with appellant;

8

this testimony does not contradict complainant's testimony, as she stated that the abuse would occur when she was alone with appellant in either his or her bedroom.

Complainant's testimony supporting the charged offense was the same evidence supporting the extraneous offenses. This fact also weighs against a conclusion of egregious harm because if the jury believed complainant's testimony about the charged offense, then it is reasonable to conclude that the jury likewise believed that her testimony was credible as to the extraneous offenses. Appellant did not present any evidence that impeached complainant's testimony about the repeated sexual abuse.

Considering the "clear, strong, direct and unimpeached" testimony presented by complainant, we conclude it is unlikely an extraneous-offense instruction would have changed how the jury considered the evidence. *See Martinez*, 313 S.W.3d at 368. It is, therefore, less likely that the jury-charge error caused appellant harm. *See Cosio*, 353 S.W.3d at 778. Given the record, we conclude the second factor weighs against a conclusion of egregious harm.

### *The parties' arguments*

We next consider whether either parties' arguments during the trial "exacerbated or ameliorated error in the charge." *Arrington v. State*, 451 S.W.3d 834, 844 (Tex. Crim. App. 2015). Here, the record shows neither party referenced nor misstated the State's burden of proof regarding the extraneous evidence.

Appellant's closing argument focused on seeking the minimum sentence and like the appellant in *Martinez*, failed to "mount any serious challenge to the existence of the unadjudicated extraneous offenses." *Id*. at 369. His closing arguments did not dispute the evidence the State presented in its case. The State's closing argument after the punishment phase addressed almost exclusively the extraneous offenses and

9

the cumulative impact on complainant. However, all the evidence argued by the State in its punishment-phase closing arguments had already been raised in the guilt-innocence phase of trial.

Considering the foregoing, we conclude that the arguments of counsel weigh against a holding of egregious harm. *See Loge*, 550 S.W.3d at 385.

*Other relevant information*

Among the other relevant information that we can consider is the severity of the punishment assessed. *See id*. Here, appellant was sentenced to imprisonment for 16 years, which was less than the statutory maximum punishment. *See* Tex. Penal Code Ann. § 12.33(a). We conclude the severity of the sentence does not weigh in favor of a conclusion that appellant suffered egregious harm.

*No egregious harm shown*

Applying the egregious-harm standard to this record, we conclude that a review of all relevant factors does not show that appellant was egregiously harmed by the omission of a reasonable-doubt instruction regarding evidence of the extraneous offenses. *See Huizar v. State*, 29 S.W.3d 249, 250–51 (Tex. App.—San Antonio 2000, pet. ref'd) (concluding that error in failing to instruct the jury at punishment on reasonable-doubt standard concerning extraneous offenses did not constitute egregious harm, even though State "relied on substantial evidence of extraneous conduct in seeking punishment," State "commented during the State's closing argument that the State had no burden of proof during the punishment trial," and jury assessed 99-year punishment). The charge error did not affect the very basis of the case, deprive appellant of a valuable right, or vitally affect a defensive theory. Therefore, the trial court's error was not so egregious as to deprive appellant of a fair and impartial trial. *See id.*

10

We overrule issue 1.

**B.     Court costs**

In issue 2, appellant contends the trial court erred in imposing $185.00 for the consolidated court costs instead of $133.00, the amount authorized under the statute in effect at the time of the offense. The trial court's judgment identified the date of the offense as November 15, 2015 and the State does not challenge the judgment on this date. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), sec. 133.102(a)(1), 2003 Tex. Gen. Laws 979, 993, 996 ("A person convicted of an offense shall pay as a court cost, in addition to all other costs: (1) $133 on conviction of a felony . . . .") (Local Government Code § 133.102(a)(1), *amended by* Act May of 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03, sec. 133.102(a)(1) (changing "$133" to "$185"), sec. 5.01 ("Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date."), 2019 Tex. Gen. Laws 3981, 3982, 4035.

We hold that the trial court erred in imposing $185.00 in consolidated court costs for a November 15, 2015 offense that occurred before the January 1, 2020 effective date of the 2019 amendment to Local Government Code § 133.102(a)(1). *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws 3981, 4035. We sustain issue 2.

## IV.     CONCLUSION

We modify the trial court's judgment to reflect an assessment of $133.00 in

11

consolidated court costs, which decreases the total costs by $52.00. As so modified, we affirm the judgment of the trial court as challenged on appeal. *See* Tex. R. App. P. 43.2(b); *Wiggins v. State*, 622 S.W.3d 556, 561–62 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd).

/s/    Charles A. Spain
       Justice

Panel consists of Justices Wise, Spain, and Hassan.

Publish — Tex. R. App. P. 47.2(b)